THE CHICAGO GREAT WESTERN RAILWAY v. MINNIE E. BAILEY *et al.*

No. 12,867.   (71 Pac. 246.)

SYLLABUS BY THE COURT.

1. RAILROADS — *Contributory Negligence.* Contributory negligence implies two things: First, a want of ordinary care on the part of the person injured; second, approximate connection between this want of ordinary care and the injury.

2. ——— *Instruction Properly Refused.* In a case where there is no evidence of a want of ordinary care on the part of the injured person, it is not error for the trial court to refuse to give an instruction that it was the duty of such person to use all care and diligence to prevent the injury.

3. ——— *City Ordinance.* No material error was committed by permitting the introduction in evidence of a certain city ordinance relating to escaping steam from locomotives.

4. ——— *Injury at Crossing—Proximate Cause.* The horse behind which the plaintiff was riding was frightened by steam negligently permitted to escape from the cylinder-cocks of the engine by the servants of the railway company. It ran upon a pile of sewer-pipe lying near by in the street and overturned the buggy, injuring the plaintiff. *Held*, that the negligence in permitting the escape of the steam was the proximate cause of the injury, and not the pile of sewer-pipe.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed January 10, 1903. Affirmed.

STATEMENT:

THIS was an action brought by the defendant in error to recover from the railway company damages for her personal injuries. The plaintiff was about forty-three years of age. She was riding with her sister, a married woman some twelve years older than she, in a one-horse buggy. They were returning from Kansas City, Mo., driving west on Central avenue in Kansas City, Kan., across which the company's track was laid. The horse and buggy were the property of the sister, Mrs. Towner. The horse was about twenty-two years old, perfectly gentle, had never run away or been frightened at anything, and was used to city ways, having been owned by a physician in the city and driven by him over all portions of it. Mrs. Towner was a skilled horsewoman. She had driven this horse over the route and across the tracks where the accident happened a hundred times before. The horse had never exhibited any fear whatever of engines when driven up to or alongside them, and had not been frightened by either a standing or moving engine. Upon the occasion in question, while driving westward on Central avenue, as they approached the tracks of the company they observed an engine standing on the avenue. They stopped about fifty feet from the track, and Mrs. Towner called to a flagman to know if they could cross in front of the engine, as she was very anxious to get home. There was room for the horse and buggy to pass in front of the engine, but she feared to do so, as it might start ahead suddenly. Failing to make the flagman hear, she drove her horse still closer, stopping about the length of the horse and buggy from the engine, and again called to him. Still failing to attract the at-

tention of the flagman, the women remained in the buggy where it had stopped for several minutes, when suddenly steam in large quantities was negligently allowed to escape from the engine with a hissing sound, and it enveloped the horse, so that he, being badly frightened, suddenly turned around and dashed toward the side of the street, ran upon a pile of sewer-pipe, overturned the buggy and threw them out, and severely injured Mrs. Bailey.

There is no dispute as to the facts above recited, except as to the escape of steam from the engine. The negligence charged in the petition was that the company unnecessarily permitted the escape of steam in large quantities from the cylinder-cocks of the engine. Whether or not steam was so discharged, either from the cylinder-cocks or any other portion of the engine, was much discussed, and evidence *pro* and *con* submitted to the jury. As the jury found a general verdict for the plaintiff, it was thereby settled, as a fact in the case, not only that the horse was frightened by the steam, but that the steam was so negligently permitted to escape from the cylinder cocks of the engine.

The jury returned a verdict in favor of the plaintiff, assessing her damages at $2000, for which sum judgment was rendered in her favor. The company is here seeking a reversal of this judgment.

*Frank Hagerman, Miller, Buchan & Morris*, and *Willard P. Hall*, for plaintiff in error.

*W. H. H. Freeman*, and *L. F. Bird*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : The first complaint is that the court erred in refusing to sustain the demurrer to the evidence of plaintiff below, the claim being that there was no evidence to show that whatever steam escaped from the engine came through the cylinder-cocks, as was alleged in the petition. It is true no witness testified directly that such was the case, but there was an abundance of evidence, which we do not find it necessary to state, that warranted the jury in so finding.

The next complaint is that the court refused to give an instruction asked by the company as to the force and effect of admissions made by the plaintiff as a witness. All of the so-called admissions were simply statements of fact given by her while a witness upon the stand. There was no reason why any greater attention should be called to such statements than though they had come from the mouth of any other witness, and, as to the matters which the instruction sought to reach, there was practically no contradicting evidence, and they must have been accepted by the jury as true.

Certain instructions were asked by the company, based upon the claim that the plaintiff was not in the exercise of due and proper care and caution in riding so close to the engine as she did. A sample of these is found in the following :

"If you find from the evidence that plaintiff was seated in the buggy with the driver in such a position that she could see the engine, then you are instructed that it was her duty to use all care and diligence to prevent any injury to herself that a careful and prudent person would have used ; that if she failed to do so, and such failure caused or directly contributed to the injury, then she cannot recover."

Railway Co. v. Bailey.

It is not insisted that by this instruction any question of imputable negligence is raised or sought to be raised, nor, indeed, that there is any imputable negligence in this case ; but what the plaintiff in error does contend for is that every person is obliged to use ordinary care for his own safety, or, putting it in the words used in its brief, "he can no more sit still and permit another to place him under the wheels of an approaching engine, and then recover from those operating said engine for the injuries received, than he could recover if he himself had placed himself under the wheels of the engine." We may freely admit the correctness of this doctrine in the abstract, but we fail to see its application to this case. That she was seated in the buggy and that she could see the engine, there was no dispute, but these two facts, without further predication, are not sufficient to connect her, even in the absence of the exercise of care and diligence, with the cause of the injury so as to make her a contributor thereto. Contributory negligence implies two things : First, a want of ordinary care on the part of the person injured ; second, approximate connection between this want of ordinary care and the injury complained of. (1 Thomp. Negl. § 169.) The instruction in question practically ignores both these essentials.

From the facts already noted it will be observed that neither Mrs. Towner nor the plaintiff below had any reason whatever to think that they were placing themselves in a position of danger, or that they were doing anything that an ordinarily reasonable and prudent person would not do. They were attempting to pass at a crossing in plain sight of the servants of the company managing the engine, driving a perfectly safe animal. They had not placed themselves under

the wheels of the engine. The place where the buggy had stopped was, under the undisputed evidence in the case, a place of safety, but for the negligent acts of the company's servants—acts that the plaintiff had no reason to apprehend or guard against. The evidence does not disclose the want of ordinary care even on the part of the driver.

Again, there was not the slightest reason found in the evidence to suppose that any damage or harm would have come to them had it not been for the negligence of the servants of the company, as shown by the testimony of the plaintiff. Had the servants of the company handled and managed the engine in a safe and proper manner, as plaintiff had a right to suppose they would, no harm would have come to her. The proximate cause of the injury was the act of the servants of the company, and not the fact that plaintiff occupied the place she did. The conditions under the evidence are similar to those where one was passing along a street and was injured by the fall of a brick negligently dropped from a building in process of construction.

More than this, the instruction proceeds upon the assumption that it was a negligent act on the part of the driver to take the position which was occupied by the horse and buggy. This being assumed, it was sought to require the jury to find that the plaintiff had not done all she could to avoid the result of such negligence and prevent injury to herself. We think this assumption was not warranted ; at least, its correctness was strenuously denied. Surely an instruction applicable only upon the theory of such negligence should not have been given, except it were predicated upon a finding first by the jury that such negligence existed. In other words, it was not asked that the

jury be instructed that it was the duty of Mrs. Bailey
to use such reasonable care as she could to avoid the
results of the negligence of Mrs. Towner, if any such
negligence should be found.   It must first be found
by the jury that Mrs. Towner was ˙negligent before
they could be asked to consider whether Mrs. Bailey
did what she could to avoid the result of such negli-
gence.   It could not be assumed as a matter of law
that Mrs. Towner was guilty of negligence.

It was charged in the petition that the letting off
of steam unnecessarily from the cylinder-cocks of any
locomotive engine within the city of Kansas City was
forbidden by an ordinance of said city, and upon the
trial this ordinance was introduced in evidence.   The
plaintiff in error now insists that this was prejudicial
error, because thereon might be predicated the claim
that the acts thereby forbidden were negligent *per
se*, and, therefore, that it was not necessary for the
jury to do more than to find a violation of the ordi-
nance by the defendant, and that such violation caused
the accident, in order to find for'the plaintiff.   Many
pages of the plaintiff in error's brief are taken up
with a discussion of the proposition that this ordi-
nance was void, and, hence, could not have been ad-
mitted in evidence or used as a basis for a recovery.
We are not disposed to follow the plaintiff in error in.
this discussion, as we deem it wholly immaterial.   As
we have suggested, the only negligence counted upon
in the petition was that a large amount of steam was
unnecessarily and negligently allowed to escape from
the cylinder-cocks of the engine.   The evidence on
the part of the plaintiff was directed to this allega-
tion, and beyond the introduction in evidence of the
ordinance in question we find no further mention
thereof.   The court instructed upon the issues en-

tirely without regard to the ordinance, making no mention of any duties or obligations resting upon the company by reason of it, but told the jury squarely that, unless they found that the injury resulted because the servants of the company allowed steam negligently to escape from the cylinder-cocks of the engine in unnecessary quantities, they should find for the company. Evidently the ordinance cut no figure in the case or in the verdict of the jury. Indeed, we find that the trial court refused an instruction asked by the plaintiff that a violation of the ordinance was negligence *per se*, so that it seems to us entirely immaterial, so far as this case is concerned, whether the ordinance was void or valid.

It appears from the evidence that the horse, in its effort to escape from the rushing steam, ran upon sewer-pipe, and thereby the buggy was overturned. The defendant below requested the court to charge the jury that if the injury to plaintiff was caused by obstructions lying in the street, and but for such obstructions the injury would not have occurred, then they should return a verdict for the defendant, and now claim that the refusal to give this instruction was error. We find no error in this. The proximate cause of the injury—that without which it would not have occurred—was the frightening of the horse. This stood first in the line of causation.

By instruction No. 4, the jury were told that if Mrs. Towner stopped the horse at such a distance from the engine that he would not have been frightened by the ordinary operation of the engine, and that the servants of the company, knowing this, or having good reason to know it, nevertheless negligently allowed an unnecessary amount of steam to escape from the cylinder-cocks of the engine, whereby

Railway Co. v. Bailey.

the horse was frightened and the injury occasioned, then they should find for the plaintiff. This instruction is assailed because, as the company claims, Mrs. Towner was, as a matter of law, negligent in driving so close to the engine, and the jury should have been so instructed. If this is not so, then her negligence was a question for the jury, and this instruction in effect takes this question away from them. We do not agree with the plaintiff in error on either point. The first point we have discussed. As to the second, the jury were plainly told that, *if* they find that the horse was stopped at a distance from the engine so that, by its ordinary operation, he would not have been frightened, this would be all that could be required of the driver, and that then, if injury resulted from the negligent acts of the servants of the company, it would be liable, thereby clearly informing the jury that if the horse was driven negligently near the engine then they should find otherwise.

Certain evidence was excluded, as the plaintiff in error thinks erroneously. Upon this point we are unable to agree with it.

Upon the entire record we find no reversible error, and hence affirm the judgment.

All the Justices concurring.