THE MISSOURI PACIFIC RAILWAY COMPANY V.
S. F. WALTERS.

No. 15,121.  ( 96 Pac. 346.)

SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Comparative*. The doctrine of comparative neg-
ligence is not recognized in this state.

2. ——— *Degrees*. The classification of negligence into three
degrees is no longer recognized in this state.

Error from Marshall district court; SAM KIMBLE,
judge. Opinion filed May 9, 1908. Reversed.

*W. J. Gregg*, and *B. P. Waggener*, for plaintiff in
error.

*W. W. Redmond*, and *Henry Elliston*, for defendant
in error.

The opinion of the court was delivered by

BURCH, J.: The plaintiff obtained a judgment against
the defendant for damages resulting from personal in-
juries which he alleged he sustained through the de-
fendant's negligence. His evidence tended to show that
he was riding upon one of the defendant's passenger-
trains, claiming the rights and privileges of a passen-
ger for hire. As he neared the station marking the end
of his journey the conductor in charge of the train
ordered and directed him to go out upon the platform
of the car in which he was riding and to get down
upon the lower step, and then without stopping the
train ordered and directed him to jump off, which he
did to his injury.

The court gave the jury two separate instructions
in which a comparison of the plaintiff's negligence with
that of the defendant was specifically authorized as a
means of determining the case. The court did not stop
with a recognition of degrees of negligence according
to the classification of the Roman law, but adopted and
presented to the jury the doctrine of comparative neg-

ligence. In a number of early cases this court yielded its assent to the academic classification of care, diligence and prudence into three degrees, slight, ordinary and extraordinary, and the corresponding classification of negligence into the three degrees of slight, ordinary and gross. But the doctrine of comparative negligence has never been indorsed in this state. (*K. P. Rly. Co. v. Pointer,* 14 Kan. 37, 66; *U. P. Rly. Co. v. Young,* 19 Kan. 488 [concurring opinion of Valentine, J., p. 495]; *K. P. Rly. Co. v. Peavey,* 29 Kan. 169, 44 Am. Rep. 630; *A. T. & S. F. Rld. Co. v. Morgan,* 31 Kan. 77, 1 Pac. 298; *C. K. & N. Rly. Co. v. Brown,* 44 Kan. 384, 24 Pac. 497; *A. T. & S. F. Rld. Co. v. Hughes,* 55 Kan. 491, 501, 40 Pac. 919; *Railroad Co. v. Henry,* 57 Kan. 154, 45 Pac. 576.) In the Morgan case it was said:

"This instruction adopts the doctrine of comparative negligence, and is therefore erroneous. Under this instruction, if the plaintiff and the railroad company were both guilty of negligence contributing to injuring and killing the stock, the plaintiff would be entitled to recover damages if his negligence was less than that of the company. The law has not been thus announced by this court. We do not indorse the doctrine of comparative negligence. The rule is properly laid down in *Sawyer v. Sauer,* 10 Kan. 466. If the trial court had instructed the jury that if the negligence of the plaintiff was only slight, or the remote cause of the injury, he might still recover, notwithstanding such slight or remote cause, the instruction would be within the rule; but when the jury were instructed to compare the negligence of the plaintiff with that of the defendant, the direction passed beyond the authoritative line, and became misdirection. This court has recognized degrees of negligence in many cases, but has never sanctioned any instruction permitting a jury to simply compare the negligence of the parties." (31 Kan. 80.)

This being true, the instructions referred to were wrong. Other instructions were given of which no complaint is made, but they did not cure the error, and it is impossible to say the misdirection was not prejudicial.

It is a noteworthy fact that for many years the sub-

ject of degrees of negligence has been accorded no consideration in the administration of the law of this state. Attorneys have avoided it in requests for instructions, the trial courts have ignored it, and this court has made no effective application of it as a determining factor in the rights of litigants. After long experience the old classification has been dropped as useless by the common consent of practical lawyers and practical judges, and the doctrine may as well be taken out of the law governing personal-injury cases here and now.

The question always is, Has the care, diligence or skill demanded by the peculiar circumstances of the particular case been exercised? If so, there is no negligence. If not, there is negligence. In this case the defendant, in the transportation of its passengers, was bound to exercise the utmost caution for their safety. The standard of its duty involved the highest diligence. If it failed in this it was negligent, and that is all. Nothing can be gained by the theoretical division of the defendant's diligence and negligence into degrees, and if it be done more than likely perplexity and confusion would result. The plaintiff was not negligent if he exercised reasonable care, and it is enough to tell the jury so, although it should be conceded he took some chance in jumping and would have been absolutely safe had he remained on the train. His conduct is to be estimated by what a reasonably prudent man would have done under the circumstances, and since the law takes no account of so-called "slight negligence" on his part it ought not to be introduced merely for the purpose of being ignored. Reckless disregard of security, wantonness or other equivalent of bad faith and the wilful or malicious disposition to injure all involve something else than negligence. The present state of the law upon the subject is well summed up in volume 21 of the American and English Encyclopædia of Law, at page 459, as follows:

"While not infrequent references are still found in judicial discussions of the subject to the classification

of negligence into degrees, the tendency of modern authority and the weight of the best-considered cases are now opposed to this view, holding that in every case negligence, however described, is merely a failure to bestow the care and skill which the situation demands, and hence it is more accurate to call it simply negligence. Some decisions even go further, and declare that the classification of negligence into degrees is a matter of pure speculation and of no practical consequence; that it is useless and tends to confusion, and that, in fact, it is unsafe to base any legal decision on distinctions in the degrees of negligence."

Other errors assigned depend upon the evidence, and since this may not be the same at another trial they need not be considered.

The judgment of the district court is reversed, and the cause is remanded for a new trial.