# Richmond.

## TEMPLETON'S ADMINISTRATOR v. LYNCHBURG TRACTION AND LIGHT CO.

### March 10, 1910.

### Absent, Buchanan and Whittle, JJ.

1. CONTRIBUTORY NEGLIGENCE—*Case at Bar—Electricity.*—The evidence in the case at bar shows that the plaintiff's intestate came to his death solely as the result of his own imprudence and lack of caution. He had been repeatedly warned of the dangers of the work in which he was engaged, and only a short time before his death he was warned of his close proximity to a heavily charged electric wire, and that if he straightened up he would come into contact with it and be killed, and yet in about a minute he raised up, came in contact with the wire and was instantly killed. Under such circumstances there can be no recovery against the company owning the wire. The law does not weigh or apportion the concurring negligence of a plaintiff and defendant, and even if a defendant has been negligent there can be no recovery by a plaintiff who has also been guilty of negligence proximately contributing to his injury.

Error to a judgment of the Circuit Court of the city of Lynchburg in an action of trespass on the case. Judgment for the defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*William Beasley,* for the plaintiff in error.

*Coleman, Easley & Coleman,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought by the administrator of Charles R. Templeton to recover of the Lynchburg Traction and Light Company damages for its alleged negligence in causing the death of the plaintiff's intestate. There was a demurrer to the plaintiff's evidence, which was sustained, and judgment given for the defendant. This judgment we are asked to review and reverse.

Upon consideration of the evidence it is difficult to see wherein the defendant company has been guilty of any negligence that was proximately the cause of the injury which resulted in the death of the plaintiff's intestate. If, however, the negligence of the defendant company was established, it would be under no liability to the plaintiff because his intestate is shown to have been guilty of such contributory negligence as to preclude all right of recovery by him.

The law will not weigh or apportion the concurring negligence of a plaintiff and defendant. There can be no recovery by a plaintiff who has been guilty of contributory negligence. *Clinchfield Coal Co.* v. *Wheeler,* 108 Va. 448, 62 S. E. 269.

At the time of his death the plaintiff's intestate was working for the Bell Telephone Company; his business being to locate and remedy contacts between the wires of his employer and those of other companies, to disengage, disentangle and separate such wires, etc. He had been for sometime engaged in this character of work all over the city of Lynchburg, and it abundantly appears that he was thoroughly acquainted with the great danger to which he was constantly exposed, and fully advised of the necessity for constant care and vigilance on his part to avoid coming in contact with the wires about which he worked. On the day of the accident the gang of linemen of which deceased was a member assembled for the purpose of taking down an old cable of the telephone company. This cable was in the vicinity of other wires, the highest of which was the heavily charged wire of the defendant traction company. In addition to his general knowledge of the danger, the deceased was specially warned of the hazardous character of the work he was doing when he lost

his life. As the deceased and others were about to ascend the poles the foreman told them of the unusual danger, and that they must look out for the 2,300 volt wires under them and the 13,000 volt wires above them, and not to touch either, that they would be killed if they did. At the time of the accident the deceased was bending over tying a "traveling block" to the cross-arm of the telephone company's pole, and while thus engaged a fellow workman, who was on another pole near him, noticing that deceased was dangerously near the 13,000 volt wire, called out to him, saying: "Look out, there, if you straighten up and touch them wires you will be a goner." The witness says that when this warning was given the deceased looked at him and smiled, and turned his head around and looked up at the wires to which he had referred; that he thought surely he was not going to straighten up then. In about a minute after this last warning was given the deceased raised up and came in contact with the 13,000 volt wire of the defendant company and immediately fell lifeless to the ground. The evidence shows that the wires were far enough apart for the work in hand to have been done with safety by the exercise of reasonable care, and that deceased lost his life solely as a result of his own imprudence and lack of caution.

There can be no recovery in such a case, and the judgment must be affirmed.

*Affirmed.*