**Ernie A. Vittum, Appellant, v. E. K. Drury, Appellee.**

1. INSTRUCTIONS—*when upon preponderance of evidence erroneous.* It is error to instruct the jury that the preponderance of evidence is not alone determined by the number of witnesses testifying to particular facts or state of facts.

2. INSTRUCTIONS—*when upon contributory negligence erroneous.* It is error to tell the jury that if they believe from the evidence that the plaintiff might in the exercise of ordinary care and caution have seen the danger and avoided it and that his omission to do so directly contributed to the injury he was guilty of such negligence as to prevent a recovery, in that the word "would" should have been used instead of "might."

3. INSTRUCTIONS—*when upon contributory negligence improper.* An instruction is properly refused which invades the province of the jury by stating in effect that certain facts constitute contributory negligence and preclude a recovery.

4. INSTRUCTIONS—*upon liability in action for personal injuries, properly refused.* An instruction in an action for personal injuries is properly refused which assumes contributory negligence of the plaintiff and ignores in some respects the obligations of the defendant.

5. INSTRUCTIONS—*when as to credibility of witness erroneous.* An instruction upon this subject is improper which omits the element of materiality of the facts as to which the witness has knowingly testified untruthfully.

6. NEGLIGENCE—*doctrine of comparative.* The doctrine of comparative negligence no longer exists in Illinois.

Trespass. Appeal from the City Court of Canton; the Hon. H. C. MORAN, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed May 26, 1911.

CHIPERFIELD & CHIPERFIELD, for appellant.

O. J. Boyer, for appellee.

Mr. Presiding Justice Puterbaugh delivered the opinion of the court.

This is an action in trespass for the recovery of damages for injuries alleged to have been sustained by the plaintiff through the negligence of the defendant. A verdict was returned and judgment rendered thereon in favor of the defendant. The first count of the declaration charges, in substance, that while the plaintiff was driving along a public highway in a buggy, the defendant approached from an opposite direction driving a team attached to a lumber wagon, at the rate of twenty miles an hour; that in passing or attempting to pass the plaintiff, the defendant with said team and wagon negligently ran into the horse attached to the buggy in which the plaintiff was riding, and collided with said buggy, whereby the plaintiff was thrown to the ground and injured. The remaining counts of the declaration are substantially the same, except that in each the manner of the collision is stated differently. It is alleged in each count that the plaintiff at the time of the accident was exercising due care for his own safety.

The evidence shows that the highway at the place where the collision occurred was sixty feet in width and ran east and west. In the center of the highway there had been constructed a brick pavement sixteen feet wide, on either side of which there was a dirt road of sufficient width to permit a team to be driven thereon in either direction; that at about six o'clock in the evening the plaintiff was traveling in an easterly direction on the dirt road, on the south side of said highway, at a slow rate of speed; that the defendant and one McQuaid, each of whom was driving a team hitched to a lumber wagon and traveling at a rate of speed equaling fifteen miles an hour, approached the plaintiff, the defendant's team being on the dirt road to the south and McQuaid's team on the dirt road to the

north of the hard road. When the plaintiff observed the teams approaching, he pulled out upon a dirt bank to the south of the dirt road south of the hard road, so that the right wheels of his buggy were on the dirt bank, and called to the defendant to turn out; but that the defendant pulled across the road to the left in front of the plaintiff, in such a manner that one of his horses passed between the plaintiff's horse and the bank to the left of the plaintiff, whereby the plaintiff was thrown out of his buggy to the ground and injured.

The plaintiff contends that under the foregoing facts and the law applicable thereto, it was the duty of the defendant in attempting to pass him, to have turned toward the right, and that his failure to do so constituted actionable negligence. The defendant claims that there is evidence tending to show that upon observing the approach of the defendant, the plaintiff pulled his horse square across in front of the defendant's running team; that one of the defendant's horses became frightened and uncontrollable; that he tried to stop them by pulling on them, and being unable to do so, to turn them outside of the road into the fence on the left-hand side; that so far as the defendant was concerned the accident was unavoidable, and further that the plaintiff was guilty of contributory negligence on his part.

While the proof is insufficient to warrant a finding that the plaintiff was guilty of contributory negligence, there is a sharp conflict in the evidence upon the issue of the negligence of the defendant. Under such circumstances it was essential that the jury should have been accurately advised as to the rules of law applicable to the facts in controversy. It is contended by the plaintiff that none of the instructions offered by the defendant correctly stated the law.

As to a number of them such contention is well-founded. The sixth told the jury that the preponderance of the evidence in the case was not alone deter-

mined by the number of witnesses testifying to a particular fact or state of facts. Similar instructions have been disapproved in Sullivan v. Sullivan, 139 Ill. App. 378, and Lyons v. Ryerson, 242 Ill. 409, as having a tendency to mislead the jury. The seventh, which told the jury that if they believed from the evidence that the plaintiff might in the exercise of ordinary care and caution, have seen the danger and avoided it, and that his omission to do so directly contributed to the injury, he was guilty of such negligence as to prevent a recovery, is incorrect and misleading in the use of the word "might" instead of "would."

The 8th, 20th and 25th instructions are objectionable for the reason, among others, that they seek to invoke the doctrine of comparative negligence, which is no longer the law in this state. "All the puzzling refinements as to degree of care have been done away with, and the accepted rule is, that if one exercises the degree of care required of him under the circumstances, he is guilty of no negligence, but if he fails to do so he is guilty and cannot recover." Krieger v. R. R. Co., 242 Ill. 544. Instructions 6, 9 and 18 were improperly given for the reasons stated in Himrod Coal Co. v. Clingan, 114 Ill. App. 568. Instruction 10 invades the province of the jury by telling them in effect that certain facts constituted contributory negligence and precluded a recovery. It further assumes negligence on the part of the plaintiff, and also ignores the exercise by the plaintiff of the duty imposed by law to keep to the right of the beaten track on a public highway. The 18th instruction is further objectionable for the reason that it omits the element of materiality of the facts as to which the witness has knowingly testified untruthfully.

For the errors indicated, and others relating to instructions which we shall not discuss, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*