## ST. LOUIS & S. F. R. CO. v. ELSING.

No. 2687. Opinion Filed May 6, 1913.

(132 Pac., 483.)

1. **NEGLIGENCE—Contributory Negligence.** ·Contributory negligence, in an action for damages on account of personal injuries, is a valid defense guaranteed, under our ·Constitution and laws, to every litigant, and is always a question of fact for the jury, and an instruction, which in effect deprives a party of the full benefit of such a defense, is erroneous.

2. **SAME—Apportionment of Concurring Negligence.** The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by a plaintiff who has been guilty of contributory negligence.

3. **SAME—Question for Jury.** ·Contributory negligence is the negligence of the plaintiff or of the person on account of whose death or injury the action is brought, amounting to a want of ordinary care, and proximately contributing to bring about the injury; to constitute such negligence as will bar ·recovery of damages, two elements must in every case concur, viz.: First, a want of ordinary care on the part of plaintiff; second, a proximate connection between this want of ordinary care and the injury complained of. These questions are for the determination of the jury, and an instruction depriving a litigant of the full defense of contributory negligence is the deprivation of a substantial right and therefore error.

4. **SAME—Comparative Negligence.** The doctrine of comparative negligence provides that plaintiff may recover, notwithstanding he be guilty of contributory negligence, if that negligence is slight and the negligence of defendant is gross in comparison.

5. **SAME.** The doctrine of comparative negligence does not obtain in this state.

(Syllabus by Robertson, C.)

*Error from District Court, Hughes County;*
*John . Caruthers, Judge.*

Action by John Elsing against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Arnole & Monk* and *Crump, Skinner & Bailey,* for defendant in error.

Opinion by ROBERTSON, C. This is an action for damages for personal injury received by the defendant in error while a passenger on a freight train belonging to the plaintiff in error. At the trial in the court below plaintiff recovered a judgment in the sum of $1,200. Defendant brings error and insists upon a reversal on several different specifications of error, but we need concern ourselves only with the third, which assigns error of the court in giving to the jury instruction No. 5, which reads as follows:

"If you find from the evidence that, at the time of the alleged injury to the plaintiff, he was standing in the caboose and had been in the caboose sufficient length of time to find a seat, and that a seat was available for him, and that the company had promulgated rules prohibiting persons riding on a drover's pass from standing in the caboose, except when coming on or leaving the same, and that said rules were called to the attention of the plaintiff, either by being written in the contract of shipment or posted in a conspicuous place in the caboose, and that his injuries would not have occurred but for his standing when the defendant's train of cars were pushed against the caboose, then you would not be warranted in finding for the plaintiff. But notwithstanding you may find that the plaintiff was standing in violation of the rules of the company which had been called to his attention, when the caboose was struck, yet if you find by a fair preponderance of the evidence that the alleged injury to the plaintiff was caused by the careless and negligent management of the freight train on the part of the defendant's agent and employees in backing the same against the caboose, and that said action on the part of the defendant's employees was the immediate, proximate cause of plaintiff's injuries, the plaintiff's right of recovery would not be denied him, but you can take his action in this regard in deciding whether his conduct contributed to his injury, and in mitigation of the amount of damages he is entitled to recover."

This instruction is, in effect, a statement of the rule of comparative negligence. The court therein told the jury that, even though plaintiff's negligent acts contributed to his injury, yet that fact would not bar his recovery if the defendant was negligent, but that they should consider plaintiff's actions "in deciding whether his conduct contributed to his injury, and in mitigation of the amount of damages he is entitled to recover." Had the last clause been omitted from this instruction, we might be enabled to say that the instruction (objectionable as it would then have been) did not unequivocally state the doctrine of comparative negligence, but with that clause added there can be no escape from such conclusion.

It is suggested that this instruction may have been intended by the court to set forth the doctrine of "last clear chance," or that of "comparative negligence," or that of "remote negligence." It cannot be intended to state the law of the "last clear chance" doctrine, for it is wholly lacking in the essential ingredients that go to make up that rule. Thus the principle of last clear chance involves the proposition that one person, himself guilty of negligence, observing the peril of another, also guilty of negligence, is bound to use reasonable care to avoid injury after the discovery of the peril, or if by the use of reasonable care he might have discovered that an accident was imminent. This instruction does not in words or effect state this rule, and had it done so it would, under the facts of this case, have been erroneous, for there was nothing in this case that would warrant the giving of an instruction on the "last clear chance" doctrine. For the law of this state on "last clear chance," see *Clark v. Railway Co.*, 24 Okla. 764, 108 Pac. 361; *Ry. Co. v. Baker*, 21 Okla. 51, 95 Pac. 433, 16 L. R. A. (N. S.) 825; *Okla. City Ry. Co. v. Barkett*, 30 Okla. 28, 118 Pac. 350.

This instruction would seem to imply that the court told the jury that if plaintiff was guilty of contributory negligence, *which did not amount to contributory negligence,* he might still recover, not for the full amount of his injuries, but such lesser sums as the jury might think him entitled.

Neither does this instruction declare the rule of the so-called doctrine of "remote cause," although there are certain portions of the same that would indicate that at the time the charge was given the court may have had this doctrine in mind.   No negligence on the part of the plaintiff would have been contributory negligence unless it were a part of the proximate cause of the injury.   Contributory negligence has been defined as follows:

"Contributory negligence implies two things:   First, a want of ordinary care on the part of the person injured; second, approximate connection between this want of ordinary care and the injury complained of."   (*Railway Co. v. Bailey*, 66 Kan. 115, 71 Pac. 246.)

"Contributory negligence is want of such care as a prudent man would ordinarily take under similar circumstances, and must in its natural results immediately concur in producing the injury."   (*McLamb v. Railway Co.*, 122 N. C. 862, 29 S. E. 894.)

"Contributory negligence, as the words import, implies the concurring negligence of both plaintiff and defendant.   *   *   * If the negligence of either defendant or plaintiff alone is the sole cause of the injury, there can be no contributory negligence." (*Payne v. Railway Co.*, 129 Mo. 405, 31 S. W. 885.)

"Contributory negligence means that both the plaintiff's and defendant's negligence were to blame directly for the injury; and, when both are to blame, one cannot be heard, in law, to blame the other."   (*Bodie v. Railway Co.*, 61 S. C. 468, 39 S. E. 715.)

"Contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury."   (*McCarly v. Railway Co.*, 102 Ala. 193, 14 South. 370, 48 Am. St. Rep. 29.)

The law will not weigh or apportion the concurring negligence of a plaintiff and defendant. . There can be no recovery by a plaintiff who has been guilty of contributory negligence. *Templeton, etc., v. Lynchburg Tract. Co.*, 110 Va. 853, 67 S. E. 351, and cases therein cited.   Hence follows, logically, the idea that in case of an injury proximately caused by want of ordinary care on both sides, however slight such want of care may be on the part of the injured party, in the law it is *dam-*

*num absque injuria.* In other words the doctrine of comparative negligence has no place in our system. *Astin v. Chicago, M. & St. P. Ry. Co.,* 143 Wis. 477, 128 N. W. 265, 31 L. R. A. (N. S.) 158. For other instructive cases on this subject see *Randall v. N. W. Tel. Co.,* 54 Wis. 140, 11 N. W. 419, 41 Am. St. Rep. 17; *Bolin v. C., St. P., M. & O. R. Co.,* 108 Wis. 333, 84 N. W. 446, 81 Am. St. Rep. 911; *Tesch v. Milwaukee E. R. & L. Co.,* 108 Wis. 593, 84 N. E. 823, 53 L. R. A. 618; *Louft v. C. & J. Pyle Co:,* 1 Boyce (Del.) 192, 75 Atl. 622; *Belle Alliance Co. v. Tex. R. Co.,* 125 La. 777, 51 South. 846, 19 Ann. Cas. 1143.

Contributory negligence, "in a sound judicial sense, is the negligence of the plaintiff or of the person on account of whose death or injury the action is brought, amounting to a want of ordinary care, and proximately contributing to bring about the injury. The clear modern doctrine is that, in order to constitute such negligence as will bar recovery of damages, these two elements must in every case concur: First. A want of ordinary care on the part of the plaintiff. * * * Second. A proximate connection between this want of ordinary care and the injury complained of" (1 Thompson, Negligence, sec. 169)—and these are always (in this state) questions for the jury. As was said in *Railway Co. v. Walters,* 78 Kan. 41, 96 Pac. 347:

"The question always is, Has the care, diligence, or skill demanded by the peculiar circumstances of the particular case been exercised? If so, there is no negligence. If not, there is negligence. * * * The plaintiff was not negligent if he exercised reasonable care, and it is enough to tell the jury so. * * * His conduct is to be estimated by what a reasonably prudent man would have done under the circumstances; and, since the law takes no account of so-called 'slight negligence' on his part, it ought not to be introduced merely for the purpose of being ignored."

Section 2940, Comp. Laws 1909, defines the various degrees of negligence as slight, the ordinary, and gross, but the court in the instant case made no attempt to define them to the jury, nor was there error in the failure so to do, for the question of

degree of negligence should not enter into the consideration of this case nor be deliberated on by the jury, except as an aid in determining the primary question of whether or not plaintiff was guilty of contributory negligence.

In 21 Am. & Eng. Ency. Law, p. 459, it is said:

"While not infrequent references are still found in judicial discussions of the subject to the classification of negligence into degrees, the tendency of modern authority and the weight of the best considered cases are now opposed to this view, holding that in every case negligence, however described, is merely a failure to bestow the care and skill which the situation demands, and hence it is more accurate to call it simply negligence. Some decisions even go further and declare that the classification of negligence into degrees is a matter of pure speculation and of no practical consequence; that it is useless and tends to confusion; and that, in fact, it is unsafe to base any legal decision on distinctions in the degrees of negligence."

In *Railway Co. v. Walters, supra,* it was said:

"It is a noteworthy fact that for many years the subject of degrees of negligence has been accorded no consideration in the administration of the law of this state. Attorneys have avoided it in requests for instructions; the trial courts have ignored it; and this court has made no effective application of it as a determining factor in the rights of litigants. After long experience the old classification has been dropped as useless by the common consent of practical lawyers and practical judges, and the doctrine may as well be taken out of the law governing personal injury cases here and now."

The experience of Kansas on this subject is likewise the experience of Oklahoma, and this is especially true since our state Constitution has made the question of contributory negligence an issue for the jury's determination in all cases. On this account, the reason for the rule of comparative negligence, as adopted in some of the states, does not exist here, and these facts simply emphasize the gravity of the error contained in the instruction complained of.

Evidently it was not the intention of the court to instruct on either of these doctrines of negligence but on the doctrine of comparative negligence, which provides that plain-

tiff may recover, although he is himself guilty of contributory negligence, if that negligence is slight and if the negligence of the defendant is gross in comparison. We are forced to this conclusion by the language of the instruction itself, especially the last sentence thereof, which provides that the negligence of the plaintiff may be considered by the jury in mitigation of damages, which in effect means that the jury may weigh and apportion the concurring acts of negligence of both plaintiff and defendant. The jury under this instruction, to say the least, were inferentially, or impliedly, given authority to determine the degree of negligence of both parties and to apportion the same between them in order to correctly estimate the amount of plaintiff's recovery, and they were thereby in effect told that the defendant was not entitled to its defense of contributory negligence which is granted to it, and to all other litigants, under our Constitution and laws. This instruction is therefore erroneous and does not state the law in this state, for here there can be no recovery by a plaintiff who is guilty of contributory negligence. The doctrine of comparative negligence has no place in the consideration of this case and should not have been given by the court in its charge to the jury as was done in this instruction. The doctrine of comparative negligence has been adopted by statutory provision in several of the states, to wit, Florida (Act of June 7, 1887, c. 3744), Georgia (Civil Code 1895, sec. 2322), Mississippi (Laws 1910, c. 135), Texas (Acts 31st Leg. [1st Ex. Sess.] c. 10), and Wisconsin (Laws 1907, c. 254). This doctrine was recognized by the courts of Illinois until recently. It is now repudiated there. *Krieger v. Railroad Co.,* 242 Ill. 544, 90 N. E. 266; *Vittum v. Drury,* 161 Ill. App. 603. It has been said to have obtained in Kansas. This, however, is erroneous. See *Railway Co. v. Walters,* 78 Kan. 39, 96 Pac. 346.

We are therefore inevitably forced to the conclusion (as we were in *Haley-Ola Coal Company v. Morgan,* 133 Pac.—, [not yet officially reported) that the giving of the instruction complained of was error and of such magnitude as will necessitate the

reversal of the case. We cannot apply the so-called doctrine of harmless error in order to make this judgment stand, as urged by counsel, for here a substantial right has been denied defendant, and for the further reason that that greatly overworked doctrine is seldom, if ever, applied to conflicting instructions on a material point for the all-sufficient reason that the court cannot say whether the jury followed the correct or the incorrect instruction. *Pulaski Coal Co. v. Gibboney, etc.,* 110 Va. 444, 66 S. E. 73.

The net result of defendant in error's brief is to ask us to adopt the rule of comparative negligence in this state. This we cannot do. To do so would, among many reasons, make the employer the insurer of the employee and deprive litigants of defenses specifically guaranteed them by law.

Entertaining these views, we are of the opinion that the judgment of the district court should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.