## HAILEY-OLA COAL CO. v. VALTURO.

No. 2559.   Opinion Filed May 6, 1913.

Rehearing Denied August 6, 1913.

(134 Pac. 32.)

NEGLIGENCE — Contributory Negligence — Instructions.   Same as in Hailey-Ola Coal Company v. Morgan, post, 134 Pac. 29.

(Syllabus by Sharp, C.)

*Error from District Court, Latimer County;*
*John Caruthers, Judge.*

Action by Angelo Valturo against the Hailey-Ola Coal Company.   From a judgment for plaintiff, defendant brings error. Reversed and remanded.

*Gordon & McInnis,* for plaintiff in error.

*H. H. Smith* and *W. T. Williams,* for defendant in error.

Opinion by SHARP, C.·  This is an action brought by the defendant in error to recover damages for personal injury sustained while in the employ of the plaintiff in error in its coal mines at Haileyville, Okla.   At the trial below the court in its charge to the jury, over the objection of the defendant, gave the following instruction:

"If, after an entire consideration of all the evidence, you are satisfied that the plaintiff by reason of his own negligence contributed to his injury, but that said injury was not the direct, proximate, and immediate result of the plaintiff's negligence, but, on the other hand, you believe by a fair preponderance of the evidence that the injury was caused by the defendant's failure to provide a safe place and suitable and safe structure in which plaintiff was to work, then the court instructs you that the contributory negligence on the part of the plaintiff would not exonerate the defendant and disentitle the plaintiff from recovery, but would go in mitigation of damages, and you should consider this fact, if such you find to be the fact, in fixing the amount to be awarded to the plaintiff."

This exact instruction was before the court, and by it considered, in *Hailey-Ola Coal Company v. Morgan, post,* 134 Pac. 29, in which it was held that the giving of such instruction constituted reversible error. Therefore, upon the authority of that case, and for the reasons therein assigned, the judgment in this case should be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.