## HAILEY-OLA COAL CO. v. MORGAN.

No. 2560. Opinion Filed May 6, 1913.

Rehearing Denied August 6, 1913.

(134 Pac. 29.)

1. **NEGLIGENCE**—Contributory Negligence—Question for Jury—Instructions. Contributory negligence, in an action for damages on account of personal injuries, is a valid defense guaranteed under our Constitution and laws to every litigant, and is always a question of fact for the jury, and an instruction, which in effect deprives a party of the full benefit of such a defense, is erroneous.

2. **SAME**—Effect. The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by a plaintiff who has been guilty of contributory negligence.

3. **SAME**—"Comparative Negligence." The doctrine of comparative negligence provides that plaintiff may recover, notwithstanding he be guilty of contributory negligence, if that negligence is slight, and the negligence of defendant is gross in comparison.

4. **SAME**—Application. The doctrine of comparative negligence does not obtain in this state.

5. **SAME**—Appeal and Error—Harmless Error—"Contributory Negligence"—Question for Jury—Instruction. Contributory negligence is the negligence of the plaintiff or of the person on account of whose death or injury the action is brought, amounting to a want of ordinary care, and proximately contributing to bring about the injury. To constitute such negligence as will bar recovery of damages, two elements must concur in every case, viz.: First, a want of ordinary care on the part of plaintiff; second, a proximate connection between this want of ordinary care and the injury complained of. These questions are for the determination of the jury, and an instruction depriving a litigant of the full defense of contributory negligence is the deprivation of a substantial right and therefore error.

(Syllabus by Robertson, C.)

*Error from District Court, Pittsburg County;
John Caruthers, Judge.*

Action by W. M. Morgan against the Hailey-Ola Coal Company, to recover damages for personal injury. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Gordon & McInnis,* for plaintiff in error.

*H. H. Smith* and *W. T. Williams,* for defendant in error.

Opinion by ROBERTSON, C. A motion to dismiss this appeal, filed by defendant in error on December 21, 1912, in which it is alleged that the case-made does not contain the necessary recitation that it embodied all the evidence, etc., has been considered by us and overruled.

This is an action for damages on account of personal injuries received by the defendant in error while engaged as a "rope rider" in a mine belonging to plaintiff in error. At the trial in the court below plaintiff recovered a judgment in the sum of $5,000. Defendant brings error, and insists upon a reversal on several grounds; but, having investigated all the alleged errors, we are of the opinion that the consideration of assignment No. 3 will effectually dispose of the case, and that the other alleged errors need not be considered.

The third assignment of error charges that the court erred in giving instruction No. 7, which reads as follows:

"If, after an entire consideration of all the evidence, you are satisfied that the plaintiff by reason of his own negligence contributed to his injury, but that said injury was not the direct, proximate, and immediate result of the plaintiff's negligence, but, on the other hand, you believe by a fair preponderance of the evidence that the injury was caused by defendant's failure to provide a safe place, and suitable and safe structure in which plaintiff was to work, then the court instructs you that the contributory negligence on the part of the plaintiff would not exonerate the defendant and disentitle the plaintiff from recovery, but would go in mitigation of damages, and you should consider this fact, if such you find to be the fact, in fixing the amount to be awarded to the plaintiff."

This instruction is a statement of the rule of comparative negligence. The court, by this instruction, in effect told the jury

that even though plaintiff's negligent acts contributed to his injury, yet that fact would not bar his recovery, if the defendant was also negligent, but that they might consider his acts of negligence in mitigation of damages to be awarded. The law makes contributory negligence a valid defense, and the defendant had a right to rely upon the same and to have that issue submitted to the jury for its determination, and under the law of this state that defense, if sustained, would prevent a recovery by plaintiff. The effect of this instruction was to deprive defendant of that defense. It is suggested that this instruction may have been intended by the court to set forth the doctrine of "last clear chance" or that of "remote negligence" instead of comparative negligence. It cannot be intended to state the law of the "last clear chance" doctrine, for it is wholly lacking in the essential ingredients that go to make up that rule. Thus the principle of last clear chance involves the proposition that one person, himself guilty of negligence, observing the peril of another, also guilty of negligence, is bound to use reasonable care to avoid injury after the discovery of the peril, or by the use of reasonable care might have discovered that an accident was imminent. This instruction does not in words or effect state this rule, and had it done so it would, under the facts of this case, have been erroneous, for there was nothing in this case that would warrant the giving of an instruction on the "last clear chance" doctrine. For the law of this state on "last clear chance," see *Clark v. Railway Co.,* 24 Okla. 764, 108 Pac. 361; *Railway Co. v. Baker,* 21 Okla. 51, 93 Pac. 433, 16 L. R. A. (N. S.) 825; *Okla. City Ry. Co. v. Barkett,* 30 Okla. 28, 118 Pac. 350. This instruction would seem to imply that the court told the jury that if plaintiff was guilty of any negligence, *which did not amount to contributory negligence,* he might still recover, not for the full amount of his injuries, but such lesser sum as the jury might think him entitled.

Neither does this instruction declare the rule of the so-called doctrine of "remote cause," although there are certain portions of the same that would indicate that at the time the charge was given the court may have had this doctrine in mind. No negligence on the part of the plaintiff would have been contributory

negligence unless it were a part of the proximate cause of the injury.

Contributory negligence has been defined as follows:

"Contributory negligence implies two things: First, a want of ordinary care on the part of the person injured; second, approximate connection between this want of ordinary care and the injury complained of." (*Railway Co. v. Bailey,* 66 Kan. 115, 71 Pac. 246.)

"Contributory negligence is the want of such care as a prudent man would ordinarily take under similar circumstances, and must in its natural results immediately concur in producing the injury." (*McLamb v. Railway Co.,* 122 N. C. 862, 29 S. E. 894.)

"Contributory negligence, as the words import, implies the concurring negligence of both plaintiff and defendant; * * * if the negligence of either plaintiff or defendant alone is the sole cause of the injury, there can be no contributory negligence." (*Payne v. Railway Co.,* 129 Mo. 405, 31 S. W. 885.)

"Contributory negligence means that both the plaintiff's and defendant's negligence were to blame directly for the injury, and, when both are to blame, one cannot be held, in law, to blame the other." (*Bodie v. Railway Co.,* 61 S. C. 468, 39 S. E. 715.)

"Contributory negligence exists only when both parties have combined and concur in producing the injury." (*McCarty v. Railway Co.,* 102 Ala. 193, 14 South. 370, 48 Am. St. Rep. 29.)

The law will not weigh or apportion the concurring negligence of a plaintiff and defendant. There can be no recovery by a plaintiff who has been guilty of contributory negligence. *Templeton v. Lynchburg Tract. Co.,* 110 Va. 853, 67 S. E. 351, and cases therein cited. Hence follows, logically, the idea that in case of an injury proximately caused by want of ordinary care on both sides, however slight such want of care may be on the part of the injured party, in the law it is *damnum absque injuria.* In other words, the doctrine of comparative negligence has no place in our system. *Astin v. Chicago, M. & St. P. R. Co.,* 143 Wis. 477, 128 N. W. 265, 31 L. R. A. (N. S.) 158. For other instructive cases on this subject, see *Randall v. N. W. Tel. Co.,* 54 Wis. 140, 11 N. W. 419, 41 Am. Rep. 17; *Bolin v. C., St. P., M. & O. R. Co.,* 108 Wis. 333, 84 N. W. 446, 81 Am. St. Rep. 911; *Tesch v. Milwaukee E. R. & L. Co.,* 108 Wis. 593, 84 N. W.

823, 53 L. R. A. 618; *Belle Alliance Co. v. Tex. R. Co.,* 125 La. 777, 51 South. 846, 19 Ann. Cas. 1143.

Contributory negligence, "in a sound judicial sense, is the negligence of the plaintiff or of the person on account of whose death or injury the action is brought, amounting to a want of ordinary care, and proximately contributing to bring about the injury. The clear modern doctrine is that, in order to constitute such negligence as will bar recovery of damages, these two elements must in every case concur: (1) A want of ordinary care on the part of the plaintiff. * * * (2) A proximate connection between this want of ordinary care and the injury complained of" (1 Thompson, Negligence, sec. 169)—and these are always (in this state) questions for the jury.

As was said, in *Railway Co. v. Walters,* 78 Kan. 41, 96 Pac. 347:

"The question always is, Has the care, diligence, or skill demanded by the peculiar circumstances of the particular case been exercised? If so, there is no negligence. If not, there is negligence. * * * The plaintiff was not negligent if he exercised reasonable care, and it is enough to tell the jury so. * * * His conduct is to be estimated by what a reasonably prudent man would have done under the circumstances, and, since the law takes no account of so-called 'slight negligence' on his part, it ought not to be introduced merely for the purpose of being ignored."

Section 2940, Comp. Laws 1909 (Rev. Laws 1910, sec. 2918), defines the various degrees of negligence as slight, ordinary, and gross; but the court in the instant case made no attempt to define them to the jury, nor was there error in the failure so to do, for the question of degree of negligence should not enter into the consideration of this case nor be deliberated on by the jury, except as an aid in determining the primary question of whether or not plaintiff was guilty of contributory negligence.

In 21 Am. & Eng. Ency. Law, p. 459, it is said:

"While not infrequent references are still found in judicial discussions of the subject to the classification of negligence into degrees, the tendency of modern authority and the weight of the best-considered cases are now opposed to this view, holding that in every case negligence, however described, is merely a

failure to bestow the care and skill which the situation demands, and hence it is more accurate to call it simply negligence. Some decisions even go further, and declare that the classification of negligence into degrees is a matter of pure speculation and of no practical consequence; that it is useless and tends to confusion; and that in fact it is unsafe to base any legal decision on distinctions in the degrees of negligence."

In *Railway Co. v. Walters, supra,* it was said:

"It is a noteworthy fact that for many years the subject of degrees of negligence has been accorded no consideration in the administration of the law of this state. Attorneys have avoided it in requests for instructions, the trial courts have ignored it, and this court has made no effective application of it as a determining factor in the rights of litigants. After long experience the old classification has been dropped as useless by the common consent of practical lawyers and practical judges, and the doctrine may as well be taken out of the law governing personal injury cases here and now."

The experience of Kansas on this subject is likewise the experience of Oklahoma, and this is especially true since our state Constitution has made the question of contributory negligence an issue for the jury's determination in all cases. On this account, the reason for the rule of comparative negligence, as adopted in some of the states, does not exist here, and these facts simply emphasize the gravity of the error contained in the instruction complained of.

Evidently it was not the intention of the court to instruct on either of these doctrines of negligence but on the doctrine of comparative negligence, which provides that plaintiff may recover, although he is himself guilty of contributory negligence, if that negligence is slight, and if the negligence of the defendant is gross in comparison. We are forced to this conclusion by the language of the instruction itself, especially the last sentence thereof which provides that the negligence of the plaintiff may be considered by the jury in mitigation of damages. Which in effect means that the jury may weigh and apportion the concurring acts of negligence of both plaintiff and defendant. The jury under this instruction, to say the least, were inferentially or impliedly given authority to determine the degree

of negligence of both parties and to apportion the same between them in order to correctly estimate the amount of plaintiff's recovery, and they were thereby in effect told that the defendant was not entitled to its defense of contributory negligence, which is granted to it and to all other litigants, under our Constitution and laws. This instruction is therefore erroneous, and does not state the law in this state, for here there can be no recovery by a plaintiff who is guilty of contributory negligence. The doctrine of comparative negligence has no place in the consideration of this case, and should not have been given by the court in its charge to the jury, as was done in this instruction. The doctrine of comparative negligence has been adopted by statutory provision in several of the states, to wit: Florida (Act of June 7, 1887, c. 3744); Georgia (Civil Code 1895, sec. 2322); Mississippi (Laws 1910, c. 135); Texas (Acts 31st Leg. [1st Ex. Sess.] c. 10); and Wisconsin (Laws 1907, c. 254). This doctrine was recognized by the courts of Illinois until recently. It is now repudiated there. *Krieger v. R. R. Co.*, 242 Ill. 544, 90 N. E. 266; *Vittum v. Drury*, 161 Ill. App. 603. It has been said to have obtained in Kansas. This, however, is erroneous. See *Railway Co. v. Walters*, 78 Kan. 39, 96 Pac. 346.

We are, therefore, inevitably forced to the conclusion that the giving of the instruction complained of was error and of such magnitude as will necessitate the reversal of the case. We cannot apply the so-called doctrine of harmless error in order to make this judgment stand, as urged by counsel, for here a substantial right has been denied defendant, and for the further reason that that greatly overworked doctrine is seldom, if ever, applied to conflicting instructions on a material point, for the all-sufficient reason that the court cannot say whether the jury followed the correct or the incorrect instruction. *Pulaski Coal Co. v. Gibboney, etc.*, 110 Va. 444, 66 S. E. 73. Counsel for defendant in error realize the correctness of the above contention, as may be seen by the following extract from page 16 of their brief:

"We do not understand why the trial court persists in injecting the question of comparative negligence into a case where it is neither asked for nor wanted. But admitting that the trial court did in this instruction put before the jury the question of comparative negligence, and that this was error, the defeated party is not entitled to a reversal simply because the court committed error. The defeated party must show that his substantial rights have been invaded."

Also, on page 17, is found the following:

"Admit the error in this case, and that the error influenced the jury, the result would be a reduction in the amount of damages to be awarded against the defendants. Against this the defendant ought not to be heard in urging a reversal."

The net result of defendant in error's brief is to ask us to adopt the rule of comparative negligence in this state. This we cannot do. To do so would, among many reasons, make the employer the insurer of the employee and deprive litigants of defenses specifically guaranteed them by law. The adoption of the rule of comparative negligence is a matter for the Legislature and not for the courts, and, should we assume to directly or indirectly adopt this rule in this state, counsel for defendant in error would be among the first to criticise us for so doing.

Entertaining these views, we are of the opinion that the judgment of the district court should be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.