## VON KELLER v. REAM.

No. 12279—Opinion Filed Nov. 6, 1923.

1. **Negligence—Contributory Negligence — Instruction.**

Contributory negligence, in an action for damages, is a valid defense guaranteed under our Constitution and laws to every litigant, and is always a question of fact for the jury, and an instruction which in effect deprives a party of the full benefit of such a defense is erroneous.

2. **Same—Erroneous Instruction.**

It is reversible error for the court to instruct the jury that the plaintiff cannot recover if guilty of contributory negligence, unless they find by a preponderance of the evidence that defendant was guilty of gross negligence.

3. **Same—Effect of Contributory Negligence.**

The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by plaintiff who has been guilty of contributory negligence.

4. **Same—Comparative Negligence.**

The doctrine of comparative negligence does not obtain in this state.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County: Thos. W. Champion, Judge.

Action by R. L. Ream against F. P. Von Keller for damages. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Johnson & McGill, for plaintiff in error.

Champion & George, for defendant in error.

Opinion by JONES, C. This case was instituted in the district court of Carter county on the 15th day of January, 1919, by plaintiff, defendant in error, against the defendant, plaintiff in error, asking for $1,000 damage to an automobile caused by collision with defendant's car at the intersection of West Main street and D. street in the city of Ardmore, and we judge from the pleading of plaintiff and defendant that it is one of the ordinary automobile col-

lisions that are so frequent in this day and time.

The case was thereafter tried to a jury and a verdict returned against the defendant for $500. Motion for new trial was filed and overruled, from which judgment the plaintiff in error appeals.

The plaintiff alleges that he was driving his car at a reasonable rate of speed and in accordance with the traffic rules and regulations as provided by the city ordinance of that city, and the defendant likewise avers that he was driving his car at a very low rate of speed and clearly within his rights, and further alleges that he is a practicing physician and was traveling in response to a call from his patient, and that under the law he was entitled to and had the right of way, and that the car he was driving was damaged in the sum of $223, for which he asks judgment, and avers that the plaintiff's car was injured as a result of plaintiff's own negligence. Plaintiff in error sets forth numerous assignments of error, but we shall only consider those we think essential to the rights of the parties in this case.

The seventh assignment of error complained of, instruction No. 18, given by the court, which was duly excepted to at the time by plaintiff in error, reads as follows:

"You are instructed that the law contemplates that in any given case a normal adult person shall take due care of his own safety and protection which is such care as an ordinary prudent person would exercise under the circumstances and if you find that plaintiff failed to exercise such care, then the plaintiff is guilty of contributory negligence and is not entitled to recover herein, unless you should find by a preponderance of the evidence that defendant was guilty of gross negligence, and that the damage was the proximate result of such negligence on the part of the defendant."

We think this instruction clearly constitutes reversible error and is an instruction, the effect of which has heretofore been condemned by this court. In the case of Hailey-Ola Coal Co. v. Morgan, 39 Okla. 71, 134 Pac. 29, the court passes on the question. This instruction submits the doctrine of comparative negligence to the jury, which the court evidently had in mind when giving the instruction complained of.

The above case says the doctrine of comparative negligence does not obtain in this state and in discussing that question they quote from the case of Templeton v. Lynchburg Tract. Co., 110 Va. 853, 67 S. E. 351, wherein it was said:

"The law will not weigh or apportion the concurring negligence of a plaintiff and defendant. There can be no recovery by a plaintiff who has been guilty of contributory negligence."

And the same rule was announced in the case of St. Louis & S. F. R. R. Co. v. Elsing, 37 Okla. 333, 132 Pac. 483.

We think these authorities are decisive of the question raised in this case, and feel that is is unnecessary to make further mention of the other assignments of error, and recommend that the case be reversed and remanded for a new trial.

By the Court: It is so ordered.