## MUSKOGEE ELECTRIC TRACTION CO. v. CLARK.

No. 14412—Opinion Filed Dec. 4, 1923.

1. **Negligence — Contributory Negligence — Definition — Instruction — Collision of Automobile with Street Car.**
Contributory negligence is the negligence of the person on account of whose injury the action is brought amounting to want of ordinary care and proximately contributing to bring about the injury. To constitute contributory negligence two elements must in every case concur: (a) A want of ordinary care on the part of the plaintiff; (b) a proximate connection between this want of ordinary care and the injury complained of.

An instruction which states the following: "If you find that the plaintiff by the exercise of reasonable care could have so driven her automobile so as to avoid the accident and collision, and failed so to do, then there can be no recovery if such failure in any manner contributed to the happening of the accident, and this is true even though you find that the defendant also failed to exercise reasonable care," sufficiently sets out the two essential elements of contributory negligence.

2. **Same — Sufficiency of Evidence and Instructions.**
Record examined; held, verdict sustained by sufficient evidence and instructions of the court properly state the law.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Lena Clark against Muskogee Electric Traction Company. Judgment for plaintiff, and defendant appeals. Affirmed.

C. A. Summers, for plaintiff in error.

M. D. Hartsell, for defendant in error.

Opinion by LYONS, C.  The parties will be referred to as in the court below. Plaintiff sued for the sum of $5,850 for an alleged personal injury and damage to her automobile arising out of a collision between the automobile which the plaintiff was driving and the street car of the defendant. A verdict was rendered in the sum of $200, and to reverse the judgment rendered thereon this appeal is prosecuted.

The defendant contends that the evidence is not sufficient to support the verdict. It appears, however, that the crossing at which the accident occurred is a dangerous one, that the view of the track is cut off by a building so that a person approaching the track on the street would not have a clear view of an approaching car. There is also testimony to the effect that the motorman did not give warning by ringing the bell or sounding the gong.

All of the facts and circumstances surrounding the collision were submitted to the jury, and since the jury found that the street car company was negligent under conflicting testimony, which is sufficient to sustain the verdict, this contention of defendant is foreclosed by the verdict.

The defendant earnestly urges that the court failed to define contributory negligence

in the instructions to the jury. The defense of contributory negligence was well pleaded. An instruction defining the same was requested by defendant and it was the duty of the trial court to instruct the jury on this point.

We have read the instructions in the case-made and it appears that in a number of instructions the court referred to the defense of contributory negligence and advised the jury that no recovery could be had if plaintiff was guilty of contributory negligence as defined in the instructions. The defendant contends, however, that no definition of contributory negligence appears in the instructions. We cannot agree with this contention. In instruction numbered ten appears the following statement of law:

"If you find that the plaintiff by the exercise of reasonable care could have so driven her automobile so as to avoid the accident and collision, and failed so to do, then there can be no recovery if such failure in any manner contributed to the happening of the accident, and this is true even though you find that the defendant also failed to exercise reasonable care."

It will be noted that in this instruction the court told the jury: First, that the plaintiff was negligent if she failed to use ordinary care; second, that if such negligence in any manner contributed to the happening of the accident, plaintiff could not recover.

We think that this was a sufficient definition of contributory negligence, and perhaps imposed a greater burden on the plaintiff than is required by law. In the instruction the court does not instruct the jury that there must be even a proximate connection between the want of ordinary care and the injury complained of, but states that if there was a want of ordinary care on the part of the plaintiff and such want of care (negligence) in any manner contributed to the happening of the accident, that plaintiff could not recover even though the defendant also failed to exercise reasonable care.

This court in the case of St. Louis & S. F. R. Co. v. Elsing, 37 Okla. 333, 132 Pac. 483, defines contributory negligence as follows:

"Contributory negligence is the negligence of the plaintiff or of the person on account of whose death or injury the action is brought, amounting to a want of ordinary care, and proximately contributing to bring about the injury; to constitute such negligence as will bar recovery of damages, two elements must in every case concur, viz: First, a want of ordinary care on the part of the plaintiff; second, a proximate connection between this want of ordinary care and the injury complained of. These questions

are for the determination of the jury, and an instruction depriving a litigant of the full defense of contributory negligence is the deprivation of a substantial right and therefore error."

It is apparent, therefore, that the instruction of the court in the instant case is fully as favorable to the defendant as is required by the foregoing authority, and that the contention of the defendant is not well taken.

Although there is a conflict in the testimony, the evidence is sufficient to sustain the verdict in the sum of $200. The instructions of the trial court stated the law properly and even favorably to the defendant.

There is no error in the record, and the judgment of the trial court must be affirmed.

By the Court: It is so ordered.