## GOURLEY v. CITY OF OKLAHOMA CITY et al.

No. 14959—Opinion Filed Oct. 7, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Torts—Causal Connection Between Injury and Acts of Defendant—Necessity for Proof.**

In an action for damages the plaintiff must show, by substantial evidence, a causal connection between the injury and the acts of defendant complained of, and that the acts of the defendant were the direct and proximate cause of the injury. When such proof is insufficient, the court may properly instruct a verdict for defendant.

**2. Negligence — Contributory Negligence — Right to Instruction.**

The defense of contributory negligence under section 6, art. 23, of the Constitution being made a question of fact to be determined by the jury, it is the duty of the court in such cases, where an instruction on this theory is asked, to instruct the jury that one who has negligently contributed to his own injury cannot recover, and a refusal to give such instruction when asked is error.

**3. Same—Contributory Negligence as Bar to Recovery.**

The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by plaintiff who has been guilty of contributory negligence.

**4. Same — Doctrine of Comparative Negligence.**

The doctrine of comparative negligence does not obtain in this state.

**5. Appeal and Error—Inadequate Instructions—Necessity for Requesting Instructions.**

The rule is well established that where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error.

(Syllabus by Thompson, C.)

Commissioners' Opinion. Division No. 5.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Austin R. Gourley against the City of Oklahoma City, a municipal corporation, Wm. Neubauer, and the Oklahoma Cement Floor Company, a corporation, for the recovery of damages. Judgment for defendants. Plaintiff brings error. Affirmed.

Horton & Horton, for plaintiff in error.

Anglea & Crabb and R. E. Wood, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Oklahoma county, Okla., by Austin R. Gourley, plaintiff in error, plaintiff below, against the city of Oklahoma City, a municipal corporation, Wm. Neubauer, the Oklahoma Cement Floor Company, a corporation, and Dolese Brothers, a corporation, defendants in error, defendants below, for the recovery of the sum of $485.35, claimed as damages for injury to the automobile of plaintiff in error.

The parties will be referred to in this opinion as plaintiff and defendants, as they appeared in the lower court. The petition of plaintiff alleges, in substance, that on the 7th day of August, 1922, he was keeping his automobile at a garage located on the west side of an alley in the city of Oklahoma City, which alley was laid out and dedicated to the public use, and that plaintiff was using said alley to enter his said garage; that a sanitary sewer had been constructed in said alley by the city with a manhole, which the city had wrongfully neglected to grade properly, but allowed the sewer to extend above the level of said grade, leaving a hole on the north of the center part of said manhole; that weeds had grown over said manhole and plaintiff was unable to see the said manhole and had no knowledge of its existence; that the plaintiff had used said garage from the 28th day of July, 1922, until the 7th day of August, 1922; that on or about the 5th day of August, 1922, the defendants Wm. Neubauer and the Oklahoma Cement Floor Company began the construction of a building on the east side of said alley opposite the garage in which plaintiff was keeping his car, and that the defendant Dolese Brothers delivered to the defendants Wm. Neubauer and the Oklahoma Cement Floor Company, at their instance and request, sand, crushed rock, and cement, dumping the same in the alley; that on the 7th day of August, 1922, plaintiff attempted to enter said garage, and after looking over the ground determined it was necessary to drive along the west side of said alley, past his

said garage; and back his car onto the sand and enter the garage, and, in attempting to do so, the front of the car entered the weeds, the front wheels dropping into a hole left in the construction of the manhole, causing the machinery of the car to be seated on said manhole and damaging the car in the sum of $485.35. consisting of five items, which are set forth in said petition. The petition was not verified.

The defendant city of Oklahoma City, filed a separate answer, consisting of a general denial and alleging, among other things, that the negligence of said city was not the direct and proximate cause of said damage, but that said damage, if any, sustained by plaintiff, was due to the contributory acts and negligence on part of the plaintiff.

The defendant Wm. Neubauer and the Oklahoma Cement Floor Company filed their amended separate answers, which are identical, in which they admitted that they permitted the Dolese Brothers to pile sand, gravel, and cement in said alley, but, by way of avoidance, they further pleaded that they had a building permit, which, under the ordinances of Oklahoma City, permitted them to pile said construction material in said alley, and that said building permit was in force and effect on the date that the damages are claimed to have been sustained, and for their further answer each of them denied each and every allegation in said plaintiff's petition, but admitted that plaintiff drove down the west side of the alley, as alleged, and that if he saw what he was doing, as alleged in his petition, he assumed the risk in connection with driving down the west side of the alley. To which several answers plaintiff filed his reply, denying the allegations of said answers which were inconsistent with plaintiff's petition.

The cause came on for trial on the 18th day of June, 1923, before a jury, and at the close of all the evidence in the case the defendants moved the court to instruct the jury to return a verdict for each of the several defendants, and the court sustained the motions of the defendants Wm. Neubauer and the Oklahoma Cement Floor Company on the grounds that they had a license or right to use the alley in placing their material in the alley in constructing the building, in which they were engaged, and that said material was placed in the alley rightfully, and if there was any material extending beyond the center line of the alley, that the same did not increase the conditions that existed there, nor did it contribute to the injury of plain-

tiff's automobile, but refused to sustain the motion of the defendant city of Oklahoma City, to which rulings of the court the plaintiff excepted, and the city of Oklahoma City excepted, and upon said order of court the jury rendered a verdict in favor of the defendants Wm. Neubauer and the Oklahoma Cement Floor Company.

The plaintiff then moved the court to direct the jury to return a verdict for the plaintiff against the city of Oklahoma City, leaving the amount of damages alone to be determined by the jury for the reason that under the law and admitted facts the plaintiff was entitled to recover actual damages sustained by the plaintiff, which motion was refused by the court and the plaintiff reserved an exception.

The case was submitted to the jury upon instructions of the court as between the plaintiff and the defendant city of Oklahoma City, and the jury returned its verdict against the plaintiff and in favor of the defendant Oklahoma City.

A motion for a new trial was duly filed and overruled, exceptions reserved, and judgment was pronounced by the court upon the verdicts of the jury against the plaintiff and in favor of the defendant for costs, from which judgment the plaintiff duly appeals to this court.

Attorneys for plaintiff in their brief present the case to this court upon four assignments of error, which are as follows:

"(1) The learned trial court erred in sustaining the motion of the defendants, Wm. Neubauer and the Oklahoma Cement Floor Company, to direct the verdict in favor of Wm. Neubauer and the Oklahoma Cement Floor Company.

"(2) That the court erred in overruling the motion of plaintiff, which is as follows: 'Comes now the plaintiff and moves the court to direct the jury to return a verdict for the plaintiff against the defendant, Oklahoma City, leaving the amount of the damages alone to be determined by the jury. For the reason that under the law and admitted facts, the plaintiff is entitled to recover actual damages sustained.'

"(3) That the court erred in giving the following instruction: 'You are instructed that should you find from the evidence that the defendant was guilty of the negligence alleged in plaintiff's petition, which was the direct and proximate cause of the injury, if any, to the plaintiff, then your verdict should be for the plaintiff. But, if upon the other hand, if you should find that the plaintiff was guilty of contributory negligence, which combining and concurring with the negligence of the defendant, proximately caused the accident resulting in injury to his car, then your verdict should be for the defendant, notwithstanding its negligence.' "

"Also, that the court erred in not defining 'contributory negligence.'

"(4) The learned trial court erred in overruling the motion for a new trial filed by the plaintiff in error against all three of the defendants, in not sustaining the same."

The evidence discloses that this alley was 20 or 25 feet wide, once known as Jones avenue, between Francis avenue on the west and Shartel avenue on the east, and extending from 25th street on the south to a stone wall of Fairlawn Cemetery on the north, which wall closed the north end of the alley, or street, to traffic. The plaintiff's garage was on the west side and about 17 feet south and west of the manhole. The building being constructed was a garage for the Fairlawn Cemetery on the east side of the alley, or street, and almost directly opposite the garage of plaintiff: that there had been deposited some rock and sand in the alley on the east side near the place where the building was being constructed; that said material was unloaded under a permit issued to the builders and contractors from the city and had been placed there on the 5th of August; that plaintiff had used his garage each day and night, except one, from the 28th day of July, 1922, and, on his own testimony, had used it on the nights of the 5th and 6th and the morning of the 7th of August, after the building material had been placed there by the contractors and builders; that, in the afternoon of the 7th of August, at the hour of about six p. m., the plaintiff drove up this alley, got out of his car and examined the situation, and decided, instead of driving directly into his garage, as he had been doing the two days before, that he would drive up beyond his garage and back his car into it; that he drove over and beyond the manhole and when his front wheels got beyond the manhole they went down the incline and caused the machinery of the car to seat itself on top of the manhole, thereby damaging his car in the amount claimed. There was some difference, as testified by the witnesses, as to how much of the alley, or street, was taken up by the building material, but, as said by the trial court, in passing upon the motion of the contractors and builders for an instructed verdict, which, in our opinion, is correct, "inasmuch as the material was placed in the alley rightfully and there is no evidence to indicate if there was any material went beyond the half of the alley, that, that in itself had anything to do with increasing the conditions that existed there or contrib-

uted to the injury and the court is of the opinion that the court should instruct a verdict for the defendants in this case," and the court did instruct a verdict for the contractors and builders, but refused to instruct a verdict for the city. It is our opinion as there was no causal connection between the placing of the material in the alley under the license granted and the injury complained of, inasmuch as the plaintiff had gone into and out of his garage for two days and nights before the accident, on his own admitted testimony, while the material was in the alley as it was unloaded, and that the court was correct in instructing a verdict for the defendants Wm. Neubauer and the Oklahoma Cement Floor Company.

It must be determined, under the issues of contributory negligence raised in the case by the answer of the defendant city of Oklahoma City, and the evidence introduced, under section 6 of article 23 of the Constitution of Oklahoma, which says:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury"

—that the court was clearly right in overruling the motion of plaintiff to direct a verdict in favor of the plaintiff as against the defendant city of Oklahoma City, for, otherwise, the court would have invaded the province of the jury as given to it by the constitutional provision above referred to.

This, then, leads us to the third contention of attorneys for plaintiff, that the court erred in giving the instruction complained of. It is the settled rule of this court that all of the instructions must be taken together as a whole and you cannot single out any one single instruction upon which to predicate error. Upon examination of the instructions given by the court we find that, in addition to the instruction complained of, the court said:

"To this petition the city files a general denial, denying each and all of the allegations of the plaintiff's petition, and further pleads contributory negligence; that is, even if the city was negligent in the construction and maintenance of said manhole, that the plaintiff was also negligent in the operation of his car, and that this negligence on the part of the plaintiff was the cause of the injury or contributed to the injury to the automobile."

We think the last above quoted portion of the court's instruction clearly defines "contributory negligence" and, taken in connection with the instruction complained of, we are clearly of the opinion that the question of "contributory negligence" was properly

and correctly submitted to the jury. To have instructed the jury as contended for by attorneys for plaintiff—that the plaintiff could have recovered notwithstanding the fact that he was guilty of contributory negligence—would have done violence to each and every decision of this court upon this proposition.

This court, in the case of Frederick Cotton Oil & Mfg. Co. v. Traver, 36 Okla. 717, 129 Pac. 747, said in the first paragraph of the syllabus:

"The defense of contributory negligence under section 6, art. 23, of the Constitution, being made a question of fact to be determined by the jury, it is the duty of the court in such cases, where an instruction on this theory is asked, to instruct the jury that one who has negligently contributed to his own injury cannot recover, and a refusal to give such instruction when asked is error."

This case was quoted with approval in the case of Dickinson et al. v. Whitaker, 75 Okla. 243, 182 Pac. 904, and again, in a more recent case of Von Keller v. Ream, 93 Okla. 179, 220 Pac. 330, this court said:

"The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by plaintiff, who has been guilty of contributory negligence."

The court further said:

"The doctrine of comparative negligence does not obtain in this state."

There is a further reason why the objection of attorneys for plaintiff to the instructions given cannot be allowed and that is that they did not make any request of the trial court for additional instructions nor call the court's attention to any omission, and the plaintiff is thereby precluded from making such failure to give fuller instructions available as reversible error. This is the rule adopted by this court in the case of Rose v. Cochran, 84 Okla. 148, 202 Pac. 1003, and the more recent case of Central Petroleum Company v. A. E. Lewis, 98 Okla. 26, 224 Pac. 186.

Having arrived at the conclusions, as set forth above in this opinion, we think it is entirely unnecessary to pass upon the last ground relied upon by attorneys for plaintiff, as it necessarily follows that the motion for new trial was properly overruled.

We are, therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.