ST. LOUIS-S. F. RY. CO. v. SCHMITZ.

No. 15410—Opinion Filed Oct. 13, 1925.

Rehearing Denied Feb. 2, 1926.

**1. Negligence—Contributory Negligence—Erroneous Instruction on Burden of Proof.**

In action for damages on account of the alleged negligence of the defendant, where there is any evidence offered on the part of the plaintiff from which the jury may infer that the accident complained of was due to the contributory negligence of the plaintiff, it is error to unqualifiedly instruct the jury that the burden of proving such contributory negligence is upon the defendant.

**2. Same — Right to Instruction Where Plaintiff's Evidence Shows Contributory Negligence.**

Where there is any evidence offered on the part of the plaintiff tending to prove that the plaintiff was guilty of contributory negligence, it is error to refuse to instruct the jury that in determining that issue they may take into consideration all of the evidence admitted, whether upon the part of the plaintiff or defendant.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by J. H. Schmitz against the St. Louis-San Francisco Railway Company, a corporation. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

Hatchett & Semple, for defendant in error.

Opinion by DICKSON, C.   This action was commenced by the plaintiff to recover damages in the sum of $2,995, for personal injuries alleged to have been sustained, and damages to an automobile, resulting from a collision between an automobile driven by the plaintiff with a locomotive and coal car being operated by the defendant railway company. There was judgment for the plaintiff for the amount sued for, and the defendant has appealed to this court, and complains of the giving of instruction No. 2 by the court over its exception, and the refusal of the court to give to the jury instruction No. 12 offered on the part of the defendant. In said instruction No. 2, the court informed the jury that the burden was upon the defendant to establish by a preponderance of the evidence the allegation of contributory negligence set up in its answer. The defendant by its offered instruction No. 12 requested the court to instruct the jury, in substance, that while the burden of proving contributory negligence by a fair preponderance of the evidence was upon the defendant, still such contributory negligence might appear from the testimony offered on behalf of the plaintiff and that, if from the testimony offered in the plaintiff's behalf, or from the testimony offered in behalf of the defendant, the jury found that the defendant was guilty of contributory negligence, then he could not recover.

It is conceded that there was some evidence offered on the part of the plaintiff tending to show contributory negligence on his part, and in these circumstances we are of the opinion that the court erred in giving its instruction No. 2, and in refusing to give said instruction No. 12 offered by the defendant. By said instruction No. 2, the jury might well have inferred that all of the evidence and admissions on the part of the plaintiff, tending to establish that the accident complained of was due to his contributory negligence, were withdrawn from their consideration, and that the only evidence of contributory negligence which the jury was authorized to consider was the evidence offered by the defendant. In C., R. I. & P. Ry. Co. v. Disney, 61 Okla. 176, 160 Pac. 880, the court instructed the jury, in effect, that before the defendant in that case could relieve itself of liability on the ground of contributory negligence, it must prove such defense by a preponderance of the evidence. This instruction was held not to be erroneous in that case, and the reason assigned by the court is that the evidence offered by the plaintiff could not be said to show by inference contributory negligence on the part of said plaintiff.

In the instant case, the plaintiff's own evidence shows that he was well acquainted with the crossing upon which the accident occurred; that he was unable by reason of obstruction to see an approaching train from either direction until he drove within ten feet of the crossing; and with this knowledge he approached the crossing at such a rate of speed as to render it impossible to stop the car when he discovered the moving engine and coal car. In Marth v. Kingfisher Commercial Club, 44 Okla. 514, 144 Pac. 1047, it is said:

"In an action for personal injury, where the defendants allege that plaintiff was guilty of contributory negligence and plaintiff's evidence shows the defendants guilty of negligence, with nothing in the circumstances establishing contributory negligence on his part, it is error for the court to refuse to instruct the jury that the burden of proving contributory negligence is on the defendants."

The principle decided is, that where there is nothing in the plaintiff's evidence from which the jury could properly infer contributory negligence on the part of the plaintiff, the unqualified instruction that the burden of proof on that issue is on the defendant is proper, but where, as in the instant case, the plaintiff's evidence discloses facts and circumstances from which the jury might reasonably infer contributory negligence on the part of the plaintiff, they should be advised that such evidence may be taken into consideration in determining that issue. M., K. & T. Ry. Co. v. Merrill (Kan.) 60 Pac. 819; Suderman & Dolan v. Kriger (Tex. Civ. App.) 109 S. W. 373; Indianapolis v. Cauley (Ind.) 73 N. E. 691.

We have examined the other contentions submitted by the plaintiff in error, but an examination of the record convinces us that these questions are not likely to occur in another trial, and a discussion of them is unnecessary. For the error in giving to the jury instruction No. 2, and in refusing the defendant's offered instruction No. 12, the

case is reversed and remanded to the district court of Bryan county for a new trial.

By the Court: It is so ordered.