G. A. NICHOLS CO. et al. v. LOCKHART.

No. 30491. Sept. 29, 1942.

129 P. 2d 599.

Clayton B. Pierce and Truman B. Rucker, both of Oklahoma City, for plaintiffs in error.

E. P. Ledbetter, of Oklahoma City, for defendant in error.

GIBSON, J. This is an action by a passenger against a motor carrier and its surety to recover for personal injuries allegedly sustained while alighting from a bus and as the proximate result of the carrier's negligence. Judgment was for plaintiff on the verdict, and defendants appeal.

The injury occurred on a county highway in the community known as West Nichols Hills. According to the allegations of the petition as supported by plaintiff's evidence the defendant carrier operated a motorbus for hire along the highway aforesaid and was accustomed to taking on and discharging passengers at points most convenient to their homes; there were no regular stations established for that purpose. Plaintiff and members of her family were frequent passengers on the bus. The driver was acquainted with the members of plaintiff's family and was accustomed to stopping directly opposite the driveway entrance to her premises to allow them to enter or leave the bus. The driveway was the more suitable place for that purpose, since at that point the paving and the shoulders of the road were smooth without depressions or holes, while elsewhere near the paving was worn away and the shoulder rough with erosion and uneven, with holes and depressions, etc. The injury occurred about 10 o'clock p. m. Instead of bringing the bus to a stop at the driveway, the driver allowed it to go some 20 feet beyond, where it stopped directly in front of plaintiff's house. She alighted and stepped in a depression and turned her ankle, resulting in the injury for which she now seeks compensation. Plaintiff was aware of her position when she left the bus, but did not see the depression. She did not signal or request the driver to stop. He knew she expected to alight at the usual place.

Defendants challenge the sufficiency of the evidence to establish primary negligence.

We are of the opinion, however, that the evidence was sufficient to go to the jury.

Our statute requires of a carrier such as the defendant to use the utmost care and diligence for the safe carriage of its passengers; it must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill. 13 O. S. 1941 § 32. Our decision in Muskogee Electric Traction Co. v. Latty, 77 Okla. 156, 187 P. 491, is fairly controlling of this question. The general rule as there stated reads as follows:

"Persons embarking on or alighting from an interurban electric car upon an invitation, expressed or implied, of the company's agents in charge of such car, are justified in acting upon the assumption that the company has taken proper precautions to insure their safety. One of such precautions is to avoid stopping its cars at places where it is not safe for passengers to embark or alight. The stopping of a car at a place where people are standing awaiting to get on board is an implied invitation to such persons to take passage on the car if they so desire."

Though the rule was applied specifically to electric interurban cars, it will apply as well to motorbuses operating on similar schedules. There the court quoted with approval and followed generally certain language employed by the court in McGovern v. Interurban Ry. Co., 136 Iowa, 13, 111 N. W. 412, 12 L. R. A. (N. S.) 476, as follows:

"While it was not the duty of the defendant operating a car which, for the accommodation of passengers, was stopped at any highway crossing where they desired to alight, to provide a passenger platform at each of such crossings, it was its duty to exercise at least reasonable care to enable plaintiff to alight with as little danger as practicable, and if the car was stopped, and plaintiff invited to alight at a place more hazardous than that at which the car might conveniently have been stopped, then the defendant was negligent. The question was properly for the jury."

Since there was evidence in the instant case to show that the bus was stopped at a place somewhat more hazardous than the driveway, a place at which it may have been conveniently stopped, the defendant could have been guilty of negligence. But under the evidence we cannot say as a matter of law that the defendants did, or did not, breach a legal duty owed the plaintiff. Whether or not the place where plaintiff was invited to alight was sufficiently hazardous to constitute an element of negligence was for the jury to determine. And the other element of negligence, whether the bus could have been conveniently stopped at the safer place, was likewise for the jury. The evidence on that point was in conflict.

In support of their contention that the evidence was insufficient to establish primary negligence defendants rely on the rule obtaining in Pennsylvania and certain other states to the effect that the carrier is not liable in cases of this character except in instances where the place at which the car stops is manifestly dangerous; that the ordinary defect in the public highway is not, in law, a dangerous place. Murtha v. City of Philadelphia, 130 Pa. Super. 277, 197 Atl. 513.

However, by reason of our decision in Muskogee Electric Traction Co. v. Latty, supra, we feel committed to the rule that the jury must determine whether the place was unsafe in cases of this particular character involving the duties of common carriers toward their passengers. By this we mean to say that when there is evidence to show that the place where the car was stopped was more hazardous than that at which it usually stopped or could have been conveniently stopped on the particular occasion, the jury must determine whether the carrier was negligent in permitting the passenger to alight at that point, and whether the injury sustained was the proximate result of such negligence.

Next, defendants say the trial court erred in instructing the jury to the effect that to permit a passenger to alight at a place more hazardous than that at which the bus might conveniently have been stopped would constitute negligence.

The instruction was to the effect that if the bus was stopped at the time and place alleged to permit plaintiff to alight and that such place was more hazardous under the prevailing circumstances than that at which the bus might conveniently have been stopped, and the conditions were known or should have been known by the operator of the bus, then the defendant carrier would be guilty of negligence.

In view of the decision in the Latty Case, supra, we must hold that the instruction was a fair statement of the law in view of the evidence and was in no way prejudicial to the rights of the defendants.

Objection is also made to those instructions that would place the burden of proof of contributory negligence on the carrier without advising the jury that the evidence of the plaintiff might also be considered in ascertaining whether plaintiff was guilty of contributory negligence.

Defendants say that plaintiff's own evidence shows contributory negligence on her part. In such case, say defendants, an instruction placing the burden on defendant to prove contributory negligence, without telling the jury that plaintiff's evidence may also be considered on the question, constitutes error. St. Louis-S. F. Ry. Co. v. Schmitz, 116 Okla. 60, 243 P. 225.

The first paragraph of the syllabus in that case would seem to support defendants' contention. Said paragraph reads as follows:

"In action for damages on account of the alleged negligence of the defendant, where there is any evidence offered on the part of the plaintiff from which the jury may infer that the accident complained of was due to the contributory negligence of the plaintiff, it is error to unqualifiedly instruct the jury that the burden of proving such contributory negligence is upon the defendant."

But the remainder of the syllabus states the law as it obtains in this state. It reads as follows:

"Where there is any evidence offered on the part of the plaintiff tending to prove that the plaintiff was guilty of contributory negligence, it is error to refuse to instruct the jury that in determining that issue they may take into consideration all of the evidence admitted, whether upon the part of the plaintiff or defendant."

Here the court did not refuse to enlarge upon the abstract statement of the law that the burden of proof was on defendants to establish their allegations of contributory negligence by a preponderance of the evidence. The court was not requested so to do; no request was made by counsel for an instruction that the jury might consider the plaintiff's evidence in arriving at its conclusion on the question. A request of that nature was made in the cited case and the court refused the request. That constitutes the distinguishing feature between that and the instant case.

In this state contributory negligence is an affirmative defense and must be pleaded and proved. Shunkamolah v. Potter Delco, 131 Okla. 272, 268 P. 270. An instruction that the burden of proof is upon defendant to establish his allegations of contributory negligence on the part of plaintiff by a preponderance of the evidence is correct as an abstract statement of law. In so instructing the court complies with its duty to correctly instruct on the issue. The first paragraph of the syllabus in the Schmitz

Case, quoted, supra, though somewhat indefinite, is entirely correct where, as in that case, the defendant appropriately requests a more explicit instruction with respect to the evidence that may be considered. The court is under no duty on its own motion to enlarge upon an instruction that is basically correct. The court is bound to correctly state the law, but where no instruction is given on some particular phase, theory or issue of the case, counsel is bound to call the court's attention to the omission by appropriate request for additional instructions, or be precluded from assigning the omission as error. Gourley v. Oklahoma City, 104 Okla. 210, 230 P. 923. There the court held as follows:

"The rule is well established that where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error."

The evidence to be considered by the jury in determining whether there was contributory negligence has no bearing upon the legal definition of contributory negligence, but upon the question whether it actually existed. The evidence to be considered by the jury in arriving at its conclusion is merely a phase of the case upon which the court is under no duty to instruct or to guide the jury in the absence of a request on the part of counsel.

Though we have expressed the rule, as stated above, that to refuse to instruct that the jury may consider plaintiff's evidence on the issue of contributory negligence constitutes error, we have also held that the court should simply define the term and leave it to the jury to say whether the negligence of the injured party had contributed to the injury. Incorporated Town of Wetumka v. Burke, 88 Okla. 186, 211 P. 522. In that case we held as follows:

"The court should not so instruct the jury as to direct particular attention to certain evidence introduced on behalf of either party, or instruct the jury that

certain evidence or circumstances should be taken into consideration, in determining whether or not the plaintiff's decedent was guilty of contributory negligence. The court should simply define the meaning of the term 'contributory negligence' and leave it to the jury to say whether the negligence of plaintiffs' decedent had or had not contributed to the injury complained of."

And in referring to a similar situation in Stagner v. Files, 182 Okla. 475, 78 P. 2d 418, 422, we said:

"The court's only duty in this connection was to define, generally, the meaning of the term 'contributory negligence,' and the determination of what conduct of the plaintiff, if any, constituted contributory negligence within said definition was within the jury's province."

The rule expressed in St. Louis-S. F. Ry. Co. v. Schmitz, supra, borders closely upon infringement of the rule against undue emphasis on particular evidence or particular defenses. But it has become established in this state.

In view of the foregoing, we hold that an instruction on the issue of contributory negligence, in the absence of proper and timely request of counsel, is not erroneous merely because the court failed on its own motion to advise the jury that the evidence of the plaintiff might be considered in arriving at its conclusion on the issue.

Defendants say further that the court erred in refusing to grant them separate trials.

It is insisted that such refusal prevented defendants from having a fair trial. This argument is based upon the alleged undue and unnecessary emphasis placed upon the fact that the defendant carrier was protected from loss, in event of an adverse judgment, by its surety and codefendant, all of which, it is said, was designed to prejudice the jury to the detriment of the defendants.

Defendants acknowledge our numerous decisions holding that a joint action for personal injuries may be maintained against the carrier and its public liability surety under the provisions of 47 O. S. 1941 § 169. In American Fidelity & Casualty Co. v. Bennett, 182 Okla. 71, 76 P. 2d 245, we held as follows:

"A joint action may be maintained against a motor carrier and his liability insurance bondsman, under the provisions of section 3708, O. S. 1931, as amended by section 4, chapter 156, of the Act of the Legislature approved April 12, 1933, and it is not necessary that the cause of action against them be divided and the liability of each set out in separate counts.

"Under the above statutes, a motor carrier and his liability insurance bondsman are jointly liable to make compensation for injuries to persons resulting from the operations of such motor carrier, the liability being created by statute, and such an injury constitutes one cause of action against the joint defendants and not a separate cause of action against each of them."

Defendants say, however, that the peculiar circumstances in this case should relieve them from the operation of the above rule. Those circumstances as related in the briefs were that the defendant surety by stipulation recognized in advance its full liability for any judgment that might be rendered against the carrier, and agreed that a judgment might be entered against it. This fact, they say, left no reason for joining the surety, and that its joinder was designed merely to prejudice the jury.

We are aware of no rule in law or equity that would permit one of two or more parties who, if liable at all, are jointly and severally liable to another to hide his identity at the trial merely by confessing liability in advance for any judgment that might be taken against the others who were jointly and severally liable.

This case falls within the rule expressed in the case last cited. The court did not err in denying separate trials.

The judgment is affirmed.

RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. WELCH, C. J., CORN, V. C. J., and ARNOLD, J., absent.