MALONEY et al. v. ALBERT.

No. 31437.   April 18, 1944.

*148 P. 2d 199.*

Herbert K. Hyde, of Oklahoma City, for plaintiffs in error.

W. F. Smith, of Oklahoma City, for defendant in error.

BAYLESS, J. R. M. Maloney, a driver, and A & A Cab Operating Company, a corporation, appeal from a judgment of the court of common pleas of Oklahoma county, based on the verdict of a jury, in favor of Jack Albert, a minor represented by his father, J. W. Albert, as next friend. Albert brought the action to recover damages suffered as the result of a collision between his motorcycle and a taxicab, alleged to have been caused by the negligence of the defendants.

The errors complained of by reason of which reversal is sought are issues of law relating to the instructions given to the jury. In their statement of the contentions defendants mention several instructions, but they do not make any argument against some of them.

They point out, without objection to its sufficiency, that instruction No. 8 defined "proximate cause." They then quote instructions Nos. 9 and 11, to which they excepted. No. 9 told the jury that if they found that defendants violated certain city ordinances, "then said defendants would be guilty of negligence as a matter of law"; and No. 11 told the jury that negligence was a question of fact for the jury, and that the issues of negligence and contributory negligence "must be shown by a preponderance of the evidence by the party alleging such negligence or such contributory negligence." No. 13 is also quoted and included in the argument made against Nos. 9 and 11, but the record does not disclose that defendants excepted to the giving of this instruction and we are not authorized to consider it as the basis for possible error.

Complaint is made against Nos. 9 and 11, together, that the jury were not told thereby that the negligence of the defendants had to be the proximate cause of plaintiff's injury and damage before defendants could be held legally responsible therefor. Under the decisions of this court the jury must be so instructed, and it is the better practice to couple proximate cause with negligence in the same instruction when telling the jury when they may find against a defendant, although proximate cause may be defined elsewhere. Missouri, K. & T. Ry. Co. v. Perino, 118 Okla. 138, 247 P. 41, and other cases. However, in the same decisions it is said that a reversal will not be ordered on the theory of prejudice to the complaining party for the failure to so instruct, if (1) proximate cause is adequately defined elsewhere, and (2) the evidence is such that the jury could reach no other conclusion than that there is an inescapable connection between defendant's negligence and the injury. In this case, while the evidence of the parties is substantial in quantity and highly conflicting, it fairly meets the test last above mentioned insofar as the verdict is concerned. We do not mean to say that it would not have justified or supported a verdict in favor of defendants, but it seems to us that, since the jury chose to find that defendant's conduct, as established by plaintiff's evidence, created liability, the jury could have so found only in the belief that it proximately caused plaintiff's injury and damage.

Defendants likewise assert that No. 11 unduly limits the rule with respect to what evidence may be considered in determining the issue of contributory negligence. St. Louis & S. F. Ry. Co. v. Schmitz, 116 Okla. 60, 243 P. 225. The argument made is that the jury was told not only that the burden of proof with respect to contributory negligence rested on the defendants, but the jury must limit its search on this issue to the evidence of the defendants alone, when, as a matter of fact, the evidence of the plaintiff had a tendency to establish contributory negligence on his part, and under the decision just mentioned was subject to consideration by the jury in its determination of this issue.

The argument thus made is very similar to that made in G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599, and what we said in our decision in that case applies here. Defendants are correct in their assertion that the instruction given is inadequate and exposed to the criticism made. However, the record discloses that defendants went no further than excepting to the instruction. As pointed out in the Nichols Case, while it is the duty of the court to give adequate instructions upon the prime issues, if the court does not do this, the aggrieved party must go further than excepting to the instruction and must request the court to amend the instruction given, or to give a separate instruction on the subject, or tender a proper requested instruction on the issue. Not having done this, the defendants are not entitled to claim that the action of the court warrants a reversal.

The judgment appealed from is affirmed. Plaintiff calls our attention to a supersedeas bond given in this case and appearing in the record, and moves for judgment thereon. This motion is granted and judgment is hereby rendered in favor of the plaintiff against the sureties on said bond.

The matter is remanded to the trial court for further proceedings not inconsistent with this opinion.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, HURST, and DAVISON, JJ., concur.