MALONEY et al. v. WALLIS.

No. 31387. May 2, 1944.

Rehearing Denied Sept. 26, 1944.

*151 P. 2d 789.*

Herbert K. Hyde, of Oklahoma City, for plaintiffs in error.

W. F. Smith, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted by Adeline Wallis, hereinafter referred to as plaintiff, against R. M. Maloney and A & A. Cab Operating Company, hereinafter referred to as defendants, to recover damages to her person and medical expenses alleged to have been incurred as a result of a collision on December 15, 1941, between a taxicab owned and operated by the defendants and a motorcycle owned and operated by Jack Albert and on which plaintiff was riding as a guest.

The plaintiff in her petition alleged, in substance, that the collision and her resulting injury had been occasioned by the negligence of the defendant R. M. Maloney in driving a taxicab through the intersection of Third street and Walker avenue without stopping and then making a U-turn and proceeding north on Walker avenue, and thus striking a motorcycle on which plaintiff was riding, causing it to be overturned and plaintiff's injury to result. Plaintiff alleged that she had been permanently injured and had incurred considerable hospital and medical bills all to her damage in the aggregate sum of $10,471.50, for which she prayed judgment. The defendants in their answer denied that the collision had been occasioned by their negligence, and alleged that it had been caused solely by the negligence of the operator of the motorcycle. Reply was a general denial. Upon the issues so framed trial was had to a jury. The evidence adduced at the trial was in conflict in some material respects, but disclosed, substantially, the following state of facts. The taxicab of defendants was proceeding west along Third street when it came to Walker avenue. Instead of turning north on said avenue it proceeded to cross the intersection, made a U-turn, and started back in the direction from which it had come. The motorcycle on which plaintiff was riding was proceeding north along the right side of Walker avenue; the taxicab instead of proceeding on back from whence it came turned north into Walker avenue and struck the motorcycle with the resulting injury to the plaintiff. There was a streetcar track in the center of Walker avenue, and both the operator of the motorcycle and plaintiff testified that they observed the taxicab after making a U-turn as it proceeded back apparently on the course from which it came. The evidence disclosed that plaintiff had suffered serious injuries as a result of the collision and had incurred considerable hospital and medical expenses in connection therewith. Upon the evidence, substantially as above narrated, the jury returned a verdict in favor of plaintiff and assessed her recovery at the sum of $2,666.66. Judgment followed the verdict.

As grounds for reversal the defendants urge two propositions, which may be summarized as follows: (1) the evidence does not establish defendants' negligence as the proximate cause of the collision and does establish negligence of the operator of the motorcycle as the proximate cause of such collision; (2) the court erred in giving instruction No. 4 to the jury.

In support of the contention that negligence of the defendants was not the proximate cause of the injury and the negligence of the operator of the motorcycle was such proximate cause, the defendants point to the testimony of the operator of the motorcycle and plaintiff to the effect that they observed the taxicab as it returned east on Third street and crossing the streetcar track on Walker avenue, and therefore the operator of the motorcycle was required to yield the right of way to the taxicab under the requirements of section A-52 of Ordinance No. 3591 of Oklahoma City, which was introduced in evidence and which reads as follows:

"At intersection of all highways where any railway operates cars upon rails or stationary tracks vehicles turning or crossing over such tracks in either direction shall have the right of way

over all other vehicles approaching the intersection of such highway from any direction."

If the failure of the operator of the motorcycle to yield the right of way was the proximate cause of the collision, then there would be considerable merit in the contention of the defendants. Under the evidence this was not made to appear. On the contrary, the evidence disclosed that the taxicab had not disclosed any intention of turning north on Walker avenue, but when it came to that avenue proceeded on across and made a U-turn and started back in the direction from which it had come. The evidence further discloses that the motorcycle was proceeding north on Walker avenue and the operator thereof could reasonably infer from the movement of the taxicab that the driver thereof had no intention of proceeding along Walker avenue, but was intending to return on Third street from whence the cab had come. Since the cab had not turned north on Walker avenue, when had such been its intention it would reasonably have done so when it first came to the avenue, under these circumstances, we think there was presented a state of facts from which the jury could infer that the negligence of the taxicab in pursuing the method which it did in order to turn north on Walker avenue constituted the proximate cause of the collision and the injury to the plaintiff. In such case the applicable rule is that announced in O. C. Cab Service Co. v. Askew, 183 Okla. 6, 79 P. 2d 811, wherein we said:

"If, in a personal injury case, there is any evidence of negligence from which the liability of the defendant can reasonably be inferred, the court will not set aside the verdict of a jury, which in such case is the judge of the credibility of the witnesses and the weight and value of the evidence."

The next contention of the defendants is that it was error to give instruction No. 4, which reads as follows:

"You are further instructed that the burden of proof is upon the plaintiff to prove the material allegations of her petition by a preponderance of the evidence and unless you find that the plaintiff has proved the material allegations of her petition by a preponderance of the evidence, it will be your duty to return a verdict for the defendants. The burden of proof is likewise upon the defendants to prove the affirmative allegations of their answer by a preponderance of the evidence. By a preponderance of the evidence is not necessarily meant the greater number of witnesses who have testified in the case, but the greater weight of creditable, competent evidence introduced in the case."

The vice in the foregoing instruction is said to consist in the failure to advise the jury that they might find from the evidence of the plaintiff that the affirmative plea of contributory negligence was sustained. In support of this contention defendants cite St. Louis-S. F. R. Co. v. Schmitz, 116 Okla. 60, 243 P. 225. In the cited case the defendant requested the court to amplify the instruction to eliminate the vice said to exist in an instruction similar to the one here involved. In the case at bar the defendants did not make such request, and the court did not refuse to enlarge upon the abstract statement of law relative to the burden of proof which rested upon the defendants. As said in G. A. Nichols Co. v. Lockhart, 191 Okla. 296, 129 P. 2d 599:

"The rule is well established that, where the instructions of the court do not cover all the phases of the case, counsel is bound to call the court's attention to the omission by an appropriate request for additional instructions, or be precluded from making such failure available as reversible error.

"An instruction on the issue of contributory negligence, in the absence of proper and timely request of counsel, is not erroneous merely because the court failed on its own motion to advise the jury that the evidence of the plaintiff might be considered in arriving at its conclusion on the issue."

What was said in the above-cited case is controlling here. No reversible error has been made to appear.

Plaintiff calls attention to the super-

sedeas bond and requests judgment thereon. There appears no reason why this request should not be granted. Plaintiff is therefore given judgment against the defendants and the sureties named in said bond for the sum of $2,-666.66, together with costs and interest from September 21, 1942, execution to issue out of the district court of Oklahoma county.

Judgment affirmed.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, DAVISON, and ARNOLD, JJ., concur.