MOUNT v. NICHOLS et al.

No. 32551. March 4, 1947.

*177 P. 2d 1013.*

Harry D. Pitchford and DuVal Pitchford, both of Okmulgee, for plaintiff in error.

Steele & Boatman, of Okmulgee, for defendants in error.

RILEY, J. This is an appeal from an adverse judgment based on a jury's verdict in an action brought by plaintiff in error against defendants in error to recover damages for personal injuries resulting from a collision between plaintiff's automobile and a truck owned and operated by defendant I. A. Nichols, d/b/a Nichols Truck Lines.

Plaintiff charged defendant with negligence in the operation of the truck.

Defendant Nichols answered denying negligence on his part and alleged that plaintiff's negligence was the sole cause of the collision. By cross-petition for damages to the truck, defendant Nichols charged plaintiff with negligence in the operation of his automobile.

Issues were joined and the cause was tried to a jury, resulting in a general verdict for defendants. The judgment followed the verdict. Plaintiff appeals.

The evidence is in direct conflict on the issue of negligence.

Plaintiff presents error of the trial court in giving instructions Nos. 4 and 14. Instruction No. 4, given by the court, is as follows:

"You are instructed that if you believe the injuries complained of by the plaintiff in this case are and were the result of an unavoidable accident, then your verdict should be for the defendant."

Unavoidable accident was not pleaded by either party. It was not an issue in the case. It was error in such circumstances to instruct upon the issue of unavoidable accident. Hogan v. Kansas City Public Service Co., 322 Mo. 1103, 19 S.W. 2d 707, 65 A.L.R. 129; Prest-O-Lite Co., Inc., v. Howery, 169 Okla. 408, 37 P. 2d 303.

Instruction No. 14, given by the court, embraces the doctrine of comparative negligence. It reads:

". . . if you find from the evidence that the defendant was guilty of negligence proximately causing or contributing to the accident, but you further find from the evidence that the plaintiff was also negligent proximately and directly contributing to his injuries, then you are instructed that the plaintiff cannot recover full damages for any injuries sustained by him. In such case you must reduce the amount of damages in the proportion which the negligence of the plaintiff bears to the combined negligence of both the plaintiff and the defendant. That is, you will find the amount of damages sustained by the plaintiff, and then take therefrom a sum equal to the proportion which the negligence of the plaintiff bears to the negligence of the plaintiff and defendant."

In Gourley v. City of Oklahoma City, 104 Okla. 210, 230 P. 923, it is held:

"The doctrine of comparative negligence does not obtain in this state." Von Keller v. Ream, 93 Okla. 179, 220 P. 330; Hailey-Ola Coal Co. v. Morgan, 39 Okla. 71, 134 P. 29.

Counsel for defendants concede the error in the instructions but urge the giving of the instructions to be harmless error as measured by the weight of the evidence.

In an action at law it is the function of the jury to determine upon the credibility of the witnesses and the weight of the evidence.

Reversed, with directions to grant a new trial.

HURST, C.J., DAVISON, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.