**Ida LONG, Plaintiff In Error,**

v.

**Duffy WELCH, Defendant In Error.**

**No. 37136.**

Supreme Court of Oklahoma.

March 20, 1956.

E. E. Thompson, Poteau, for plaintiff in error.

Rex W. Perkins and E. J. Ball, Fayetteville, Ark., for defendant in error.

BLACKBIRD, Justice.

As the parties to this appeal appear in the same order as they appeared in the trial court, they will be referred to by their trial court designations.

Plaintiff instituted the present action to recover damages from the defendant for the death of her son, Junior Long, which was alleged to have occurred when his automobile collided with a pickup truck driven by defendant, at a road intersec-

tion north of Watts, Oklahoma. The jury returned a verdict for defendant and judgment was entered accordingly.

Plaintiff has lodged the present appeal by transcript only, urging as the sole ground for reversal, the alleged error of the trial court in instructing the jury on the subject of "unavoidable accident." Her counsel argues that since the pleadings in the case nowhere alleged that the collision was an unavoidable accident, it was error to give that instruction, because the question of whether or not the collision was such an accident was not an issue in the case.

Since no casemade or record of the evidence has been filed, we do not know whether the collision was proved to have been the result of the deceased's negligence or the defendant's negligence, or a combination of the two, or whether it was proved to have been an unavoidable accident. Without such a record before us we are without that aid in determining whether or not the jury was misled to plaintiff's prejudice by the giving of the allegedly erroneous instruction. In this connection see Pankey v. Public Service Co. of Oklahoma, Okl., 288 P.2d 373, and the cases therein referred to. However, we must assume, in accord with the presumption accompanying jury verdicts on appeal, that the evidence showed either that the collision was an unavoidable accident or that it was proximately caused by contributory negligence on the part of the deceased. Plaintiff's argument is based upon the premise that the question of whether or not the collision was an unavoidable accident, was not an issue in the case solely because it was not expressly pleaded as such. This premise is incorrect, and was so determined in Rowton v. Kemp, 190 Okl. 558, 125 P.2d 1003. Mount v. Nichols, 198 Okl. 282, 177 P.2d 1013, which is the only case cited by plaintiff's counsel, is no authority to the contrary. Though not specifically reflected in this court's opinion therein, our statement there that: "Unavoidable accident was not plead by either party" was not the sole basis for our stated conclusion that: "It was not an issue in the case." The principal basis for said conclusion was the fact (conceded by the defendant in error therein) that the evidence in that case created no such issue.

As we have determined that plaintiff's argument, and the transcript herein, establishes no error in the trial court's judgment, said judgment is hereby affirmed.