**PUBLIC SERVICE COMPANY OF OKLA-
HOMA and Paul Spencer, Plaintiffs
in Error,**

v.

**Milton SANDERS and Edith Ellen Sanders,
Defendants in Error.**

No. 38967.

Supreme Court of Oklahoma.

May 23, 1961.

Doerner, Stuart, Moreland, Campbell & Saunders, Tulsa, for plaintiff in error Public Serv. Co. of Oklahoma.

Chappell & Maddux, Nowata, for plaintiff in error Paul Spencer.

Arthur Meyer, Nowata, Mabry & Donalson, Jerome J. Pope, Houston, Tex., for defendants in error.

BERRY, Justice.

The parties, who appear here in reverse order to their appearance in the trial court, will be referred to as they appeared in said court or by name.

In this action, plaintiffs seek to recover from defendants damage allegedly sustained upon a pick-up truck, hereafter referred to as "Ford", owned by Mr. Sanders and operated by Mrs. Sanders, colliding with a pick-up truck, hereafter referred to as "truck", owned by Public Service Company and operated by Mr. Spencer, on a country, graveled road, hereafter referred to as "road", at a point approximately 2 miles north and ½ mile east of Alluwe, Oklahoma. The damages sought are attributable to bodily injuries sustained by Mrs. Sanders as a result of the collision, and medical and hospital expenses incurred because of said injuries.

The jury to whom the case was tried returned a verdict in defendants' favor and judgment in defendants' favor was entered upon the verdict. The plaintiffs filed a motion for new trial which was sustained by the trial court. From order of the trial court sustaining the motion for new trial, defendants perfected this appeal.

The defendants contend that in ordering a new trial the trial court acted arbitrarily and capriciously and for said reason said order should be reversed. The plaintiffs contend that the trial court did not so act and that the order should be affirmed.

The undisputed evidence bearing upon the contentions of the parties can be summarized thus:

On August 31, 1955, Mrs. Sanders was engaged in delivering mail over a rural route. A part of the route was over the road heretofore referred to. At the point of collision, a private road, hereafter referred to as "lane", led off the road to the north. At approximately 11:20 a. m. Mrs. Sanders approached from the west, the point where the lane intersected the road. Mr. Spencer who was traveling over the lane, approached said point from the north at a speed of approximately 4 miles per hour. As a result of a heavy growth of trees and underbrush to the north of the road and to the west of the lane, Mr. Spencer's view of the road was obstructed until the front one-half of the truck was on the north portion of the road, which road was approximately 20 feet wide at point of collision. The referred-to growth prevented Mrs. Sanders from seeing the truck as it traveled down the lane prior to the front end of same reaching the north portion of the road where the collision occurred. Mr. Spencer looked first to the east (his left) and then to the west (his right) before driving from the lane onto the road. There were no passengers in either of the vehicles involved in the collision. Mrs. Sanders and Mr. Spencer were familiar with the area at point of collision.

Other evidence believed to be pertinent is this: Mrs. Sanders testified that at the time she saw the truck she was driving approximately 30 to 35 miles per hour; that upon seeing the truck she immediately applied the brakes to the Ford. A Highway Patrolman who investigated the accident testified that he estimated the speed of the Ford at approximately 45 miles per hour at the time Mrs. Sanders applied the brakes to the

Ford; that skid marks extended westward from point of collision approximately 51 feet. Mrs. Sanders testified that at the time she saw the truck, the left side of the Ford that she was driving was to the north of the road. Other witnesses testified that the Ford was traveling on the north side of the road from point where the skid marks began to near point of impact. There was evidence to the effect that immediately prior to the collision a grader had deposited a row of gravel along the south side of the road; that the south portion of the road was rough as a result of a large herd of cattle passing over same and the action of run-off water washing the road; that a portion of the south side of the road was unsafe or undesirable for travel and that those using the road traveled over the north portion of same. There was also competent evidence to the effect that the condition of the south portion of the road was not such as to make it unsafe for use by vehicles and that some motorists traveling east on date of the collision drove over said portion of the road. The condition of the south portion of the road at point of collision was such that Mrs. Sanders could have driven over same in order to pass the truck. The evidence showed that the left front portion of the Ford struck the right front portion of the truck.

The evidence tended to show that as a result of the collision Mrs. Sanders received bodily injuries and that considerable medical and hospital expenses were incurred in treating said injuries.

The motion for new trial was sustained upon these grounds:

"(a) That the verdict of the Jury is not sustained by sufficient evidence and is contrary to law;

"(b) That the verdict of the Jury is contrary to and wholly in disregard of the Court's instructions;

"(c) That in the Court's opinion the evidence discloses that the defendants were flagrantly negligent."

The instructions given were those which are customarily given in a case such as this. The plaintiffs did not except to any of the instructions given nor do they here claim that the trial court erred in any particular in giving said instructions or that the court failed to instruct on any relevant issue. Plaintiffs do not in fact contend that in trying the case the court erred as a matter of law in any particular. The only argument advanced by plaintiffs in support of the order appealed from is that "It is apparent from the record that the defendants' agent was guilty of negligence per se in violating the statute governing entering public roads from a private drive, and from the evidence wherein the trial judge would be best qualified to judge an injustice it is felt that his actions in so granting a new trial were proper and within the sound discretion of the court."

The plaintiffs predicated their claim of liability on the defendants' part primarily upon the proposition that Mr. Spencer was negligent in that he violated 47 O.S.1951 § 121.6(d) to the effect that "the driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway." Defendants predicate their claim of non-liability upon the proposition that Mrs. Sanders was negligent in that she violated 47 O.S.1951 § 121.4 to the effect that "Upon all roadways of sufficient width a vehicle shall be driven to the right of the center of the roadway."

There was competent evidence sustaining the respective contentions of the parties in the foregoing particulars. The trial court nevertheless apparently concluded that the evidence showed that defendants were "flagrantly negligent" and for said reason the verdict of the jury should have been for the plaintiffs.

Assuming that defendants were flagrantly negligent there was competent evidence that Mrs. Sanders was guilty of ordinary negligence and such was in effect the finding of the jury. The doctrine of comparative negligence does not obtain in this State. See Mount v. Nichols et al., 198 Okl. 282, 177 P.2d 1013 and cited cases.

It is settled law in this jurisdiction that the concurring negligence of plaintiff and defendant will not be weighed or apportioned; that there can be no recovery by a plaintiff who has been found guilty of contributory negligence. In the third paragraph of the syllabus to Gourley v. Oklahoma City et al., 104 Okl. 210, 230 P. 923, 926, this was said:

"The law will not weigh or apportion the concurring negligence of plaintiff and defendant. There can be no recovery by plaintiff who has been guilty of contributory negligence."

 The matter of whether defendants' violation of Sec. 121.6(d), supra, or their negligence in other respects, was the proximate cause of the collision, or whether Mrs. Sanders' violation of Sec. 121.4, supra, or her negligence in other respects, barred recovery on her part, presented questions of fact for the jury. See cases cited following ☜136(9), Vol. 11, Negligence, Okl.Dig.

After having carefully reviewed the record, we have concluded that the trial court granted a new trial upon the grounds that (a) the doctrine of comparative negligence was applicable, or that (b) he could not conscientiously agree with the verdict.

As heretofore pointed out, the doctrine of comparative negligence is inapplicable, and the order granting a new trial cannot stand if based upon said doctrine. In Bishop's Restaurants, Inc. of Tulsa v. Whomble, Okl., 355 P.2d 560, 564, we said that "Where the record is free from errors cognizable by law and the parties had a fair and impartial trial, there exists no lawful basis upon which the trial judge may act in ordering a reexamination of fact issues." Nor can said order stand if based upon the proposition that the trial court could not conscientiously agree therewith. We made clear in Cosmo Const. Co. v. Loden, Okl., 352 P.2d 910 that in recent years we have been committed to the rule that a new trial may not be granted on the sole grounds that the trial court is dissatisfied with the verdict and that our decisions to the contrary should be considered as overruled. In the second paragraph of the syllabus to Neely v. Morris, Okl., 333 P.2d 301, this was said:

"It is error for the trial court to grant a new trial upon the ground that he cannot conscientiously agree with the verdict of the jury, where negligence and contributory negligence are alleged and supported by competent evidence for the reason that these issues are for the jury to decide and the court cannot substitute his opinion for that of the jury."

For reasons stated, the order appealed from is reversed with directions to deny plaintiffs' motion for new trial.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and IRWIN, JJ., concur.