Henry L. BUCK, Plaintiff,

v.

MISSOURI PACIFIC RAILROAD COMPANY, a corporation, Defendant.

No. 6217.

United States District Court
N. D. Oklahoma.

March 29, 1966.

of the car involved and the defendant railroad company was the owner and operator of the train involved. At the start of the trial the plaintiff dismissed against the two individual defendants originally named in the case. The parties waived a jury and the case was tried to the Court.

In his complaint the plaintiff alleges that the defendant was guilty of negligence causing his injuries and losses in five respects: (1) The defendant was operating its train at approximately 50 miles per hour and in excess of the 30 mile per hour maximum speed limit fixed for trains by the city ordinances of Nowata, Oklahoma, (2) the engineer of the train failed to exercise ordinary care to keep a proper lookout ahead, (3) the defendant, through its operators of the train, failed to ring the bell or blow the whistle in approaching the crossing as required by the laws of the State of Oklahoma, (4) the warnings at the intersection in the form of a crossbuck sign and a ringing bell were not adequate or suitable signs of caution in view of the nature, type and location and all the other circumstances pertaining to this particular crossing, and (5) said warning bell at the intersection was not in operation at the time of the collision.

It should be noted that the plaintiff admitted at the close of all the evidence in the case that there was no evidence to the effect that the warning bell involved was not in operating condition at the time and place of the accident and conceded that this alleged count of negligence is not supported by any evidence in the case.

Elder & Scott, Tulsa, Okl., for plaintiff.

William K. Powers, Tulsa, Okl., for defendant.

DAUGHERTY, District Judge.

This case involves an automobile-train crossing accident which occurred in the city limits of Nowata, Oklahoma, on the morning of December 31, 1964, at about 8:50 A.M. The plaintiff was the driver

By way of answer, the defendant admits the agency of the train crew, and then denies any of the alleged acts of negligence claimed against it by the plaintiff. The defendant then alleges that the accident was caused solely by the negligence of the plaintiff, or if not caused solely by the negligence of the plaintiff that negligence on his part was a contributing cause and factor to the collision. Such sole or contributory negligence of the plaintiff is alleged to con-

sist of: (1) The plaintiff failed to exercise ordinary care to keep a proper lookout ahead, (2) the plaintiff failed to exercise ordinary care for his own safety, (3) the plaintiff failed to heed all signs and signals warning him of the approach of the train, (4) the plaintiff was driving his vehicle at an unreasonable rate of speed under the circumstances then and there existing prior to and at the time of the collision, in violation of the laws of the State of Oklahoma, (5) the plaintiff was driving his vehicle at a rate of speed which would not permit him to stop the same within the assured clear distance ahead in violation of the laws of the State of Oklahoma, (6) the plaintiff was driving his vehicle at a rate of speed in excess of the 25 mile per hour maximum speed limit established at the time and place of the accident for motor vehicles by ordinances of the City of Nowata, Oklahoma, and in violation thereof, (7) the plaintiff failed to reduce the speed of his vehicle in approaching the crossing under the conditions then and there present in violation of the laws of the State of Oklahoma, and (8) the plaintiff failed to stop his vehicle at the crossing under the circumstances then and there existing in violation of the laws of the State of Oklahoma. The defendant also claims that the accident involved herein was an unavoidable casualty which would not permit the plaintiff to recover herein.

It appears from the evidence herein that the railroad tracks involved ran in a north and south direction with the train on this occasion going north; that the plaintiff was driving a pickup truck which was proceeding in a westerly direction on Delaware Avenue in Nowata. It also appears that the crossing presented to the plaintiff a crossbuck type warning sign with an electric bell mounted on the top thereof which rang when a train approached. It seems that the pavement on which the plaintiff was traveling was brick pavement up to the tracks themselves. The evidence indicates that the plaintiff laid down 66 feet of over-all skidmarks before colliding with the train and his pickup struck the second diesel unit of the train at a point approximately 15 feet back from the front end of said unit. It also appears that the front end of the pickup was badly damaged and the plaintiff was thrown from the pickup sometime after the collision and before the pickup came to a rest.

■ With reference to the alleged counts of negligence asserted by the plaintiff the Court finds with reference to the claim that the train was exceeding the 30-mile train speed limit in Nowata [1] that the evidence is in direct conflict with plaintiff's witnesses testifying to a speed up to 50 miles per hour and the defendant's witnesses, including the engineer of the train, testifying to the effect that the speed of the train was 30 miles per hour or below at all times in the city limits of Nowata. The train did not record its speed on this trip by a tape. The Court finds and concludes from a consideration of all the evidence with reference to the speed of the train that the train was not exceeding the Nowata train speed limit of 30 miles per hour, but was traveling either at that rate of speed or slightly below the same prior to and at the time of the collision herein.

■ With reference to the plaintiff's claim of improper lookout the Court finds and concludes from the evidence herein that the engineer and brakeman who were riding in the lead diesel unit were at all times involved exercising ordinary care in maintaining a proper lookout ahead in that they were at their appointed places and were looking ahead and defendant cannot be found to be negligent in this respect.

■ With reference to the claim of the plaintiff that the train crew failed to either ring the bell or blow the whistle of the train in advance of the crossing as

1. It was stipulated that by ordinance in Nowata the maximum speed limit for trains in the city limits was 30 miles per hour.

required by state law,[2] the Court finds the evidence in direct conflict but in view of all the evidence the Court is of the opinion and finds and concludes that the defendant did in fact comply with State law regarding its obligation to give such a signal in advance of crossings and did make the required signal before and within the block immediately preceding the crossing involved herein. Thus, the Court finds and concludes that the defendant cannot be found guilty of violating this statute with reference to this accident.

▮▮ With reference to the claim of plaintiff that the warning signals erected at the crossing by the defendant were inadequate and not suitable signs of caution, the Court is inclined to agree with the plaintiff in this respect. The Oklahoma State statute in force in 1964, called for suitable signs of caution.[3] A crossbuck sign was present at the crossing. The only other warning device was a ringing bell atop the crossbuck support which emitted only the sound of a ringing bell and did not otherwise warn motorists by any lights or moving signal. A railroad is required to erect such warning devices as a reasonably prudent person would erect under the same or similar circumstances. This was a busy crossing on a major street at or near the heart of the City. The street was next to the main street of the City. There were some obstructions to view at the crossing. In these circumstances, the Court is of the opinion that a reasonably prudent person would have erected at this crossing a signal either emitting lights or a swinging type signal or some like means of adequately warning a motorist approaching the crossing.

As stated above, there was no evidence to support the plaintiff's fifth claim of negligence and the same will not be considered by the Court.

▮ With reference to the negligence claimed by the defendant to have been committed by the plaintiff which constituted either the sole or a contributing cause to the accident, the Court finds and concludes from the evidence that the plaintiff was probably maintaining a proper lookout ahead, inasmuch as his tires started leaving skidmarks some 66 feet back of the point of impact and adding locking time and reaction time he must, by some means, have become aware of approaching danger at a point approximately 107 feet back of the point of impact. At such point the plaintiff could look to his left or south down the tracks a distance of 102 feet from the point of impact, and if the train was within that distance from the point of impact it could have been and perhaps was seen by the plaintiff. It is, of course, impossible for the Court to determine whether the plaintiff initially reacted and applied his brakes upon actually seeing the train or only upon hearing a signal from the train, but at any rate the plaintiff reacted to stop his vehicle a

2. This law, 66 Okl.St.Ann. § 126, provides: "A bell of at least thirty pounds weight, or a steam whistle, shall be placed on each locomotive engine, and shall be rung or whistled at the distance of at least eighty rods from the place where the said railroad shall cross any other road or street, under a penalty of fifty dollars for every neglect, to be paid by the corporation owning the railroad, one-half thereof to go to the informer, and the other half to the State, and shall also be liable for all damages which shall be sustained by any person by reason of such neglect."

3. In 1963 and prior to the collision herein, the Oklahoma State Legislature changed the statute regarding signs at railroad crossings. The old statute called for "suitable signs of caution" and then prescribed the familiar crossbuck sign. The 1963 repealing statute which is 66 Okl.St.Ann. § 124, now reads as follows: "Signs at Crossings Every railroad corporation operating a line of road within this State must erect suitable signs of caution at each crossing of its road with a public highway." Under the old law, it has been held that the crossbuck sign was only a minimum requirement and that a railroad may be required to erect other warning devices if a reasonably prudent person under the same or similar circumstances would have done so. St. Louis-San Francisco Railway Company v. Prince, 145 Okl. 194, 291 P. 973, 71 A.L.R. 357.

distance of 107 feet back of the point of impact, and in view of the crossing. On this the Court finds and concludes that the plaintiff was maintaining ordinary care to keep a reasonable lookout ahead.

With reference to the claim that the plaintiff failed to exercise ordinary care for his own safety, the Court is inclined to find this claim to be supported by the evidence in view of the speed of the plaintiff's vehicle, which will be hereinafter discussed.

■ The claim of negligence on the part of the plaintiff in failing to heed the warning signals of the defendant is believed to be supported by the evidence under the circumstances involved. The Court has found the crossbuck sign and ringing bell to have been an inadequate crossing signal. The only other signal by the defendant was the horn signals from the train which it appears the plaintiff should have heard before he took steps to stop the vehicle in view of the evidence of other witnesses that such signals were being given and that they were heard by others inside buildings at distances farther away than where the plaintiff was situated. Thus the Court is inclined to find and conclude that the plaintiff should have heard the horn signals from the train and should have heeded the same and approached the crossing in a more careful manner than he did and also at a reduced rate of speed.

■ With reference to the several claims of excess speed regarding the plaintiff, the Court finds that the evidence in this case clearly indicates that the plaintiff was driving his pickup at the time and place involved at a rate of speed in excess of the maximum rate of speed of 25 miles per hour as fixed by

the ordinances of the City of Nowata, Oklahoma.[4] In fact, the plaintiff's own witnesses, at least two of them, put the speed of the plaintiff immediately prior to the collision at a rate in excess of 25 miles per hour. The expert witness of the plaintiff estimated the plaintiff's speed to be 25 miles per hour based on the 66 feet of over-all skidmarks, but in view of the fact that the pickup would have gone farther and would have laid down more marks except for the impact with the train, this witness testified on cross-examination that his speed had to be in excess of 25 miles per hour and he would guess the same at about 30 miles per hour. This witness also testified on cross-examination that there is about a two percent up-grade on the street on which the plaintiff was traveling and in his direction of travel; that his estimate of 25 miles per hour from the skidmarks was based on the type of pavement involved here, namely, worn brick which were wet, but such estimate did not consider the two percent up-grade which the witness testified would then mean that the plaintiff would be going faster than 25 miles per hour in view of these circumstances. Thus, the Court is of the opinion and finds and concludes from the evidence in the case that the plaintiff was driving his pickup at an unreasonable speed under the circumstances, at a rate of speed which would not permit him to stop his vehicle within the assured clear distance ahead[5] and that his speed was also in excess of the maximum fixed speed limit of 25 miles per hour established by the ordinances of the City of Nowata, Oklahoma. The Court also finds from the evidence that the plaintiff violated Title 47, Oklahoma Statutes Annotated, Section 11–801, sub-paragraph

---

4. It was stipulated that by Ordinance in Nowata the maximum speed limit for motor vehicles in the City limits was 25 miles per hour.

5. 47 Okl.St.Ann. § 11–801, sub-paragraph (a)
   "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

(d),[6] in that he did not appropriately reduce his speed when approaching the railway crossing involved in this case, under all the circumstances and conditions then and there present, including the crossbuck sign, knowledge that the railroad tracks were there and the warning signals being given by the engineer in approaching the crossing.

■ The Court is also of the opinion and finds and concludes from the evidence that the plaintiff violated Title 47, Oklahoma Statutes Annotated, Section 11–701(a),[7] in that the plaintiff failed to stop his vehicle within 50 feet but not less than 15 feet from the nearest rail of such railroad crossing and then not proceeding until he could do so safely. This conclusion is reached in view of the fact found by the Court that the railroad train involved herein in approaching within approximately 1500 feet of the highway crossing involved did emit a signal audible from such distance, and such railroad train by reason of its speed and nearness to the crossing was an immediate hazard. And also in view of such signal or signals given by the train the plaintiff upon approaching this crossing should have driven his vehicle in such manner so as to permit him to stop the same within 50 feet but not less than 15 feet from the nearest rail of the railroad.

■ In view of all the evidence presented to the Court, the Court does not find that the defense of unavoidable accident is present in this case but that in the exercise of ordinary care the accident involved herein could have been avoided.

■ It is therefore the opinion of the Court that the defendant railroad was guilty of negligence in connection with the accident by not having adequate warnings installed for motorists at the crossing involved. But the Court also finds and concludes from the evidence that the plaintiff was guilty of negligence as set out above which was a proximate and contributing cause of the accident and that by reason of such contributory negligence the plaintiff cannot recover in this case. Hailey-Ola Coal Co. v. Morgan, (1913), 39 Okl. 71, 134 P. 29; F. W. Woolworth Co. v. Davis, (10 Cir. 1930), 41 F.2d 342; Severy v. Chicago, R. I. & P. Ry. Co., (1897), 6 Okl. 153, 50 P. 162.

Accordingly, judgment should be entered in favor of the defendant dismissing the complaint of the plaintiff. Counsel for defendant will prepare an appropriate judgment to this effect and present same to the Court.

6. 47 Okl.St.Ann. § 11–801 Sub-paragraph (d)

"The driver of every vehicle shall, consistent with the requirements of paragraph (a), drive at an appropriate reduced speed when approaching a crossing and intersection or railway grade crossing, when approaching and going around a curve, when approaching a hill crest, when driving upon any narrow or winding roadway and when special hazard exists with respect to pedestrians or other traffic, or by reason of weather or highway conditions."

7. 47 Okl.St.Ann. § 11–701(a)

"Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances stated in this section, the driver of such vehicle shall stop within fifty feet but not less than fifteen feet from the nearest rail of such railroad, and shall not proceed until he can do so safely. The foregoing requirements shall apply when: 1. A clearly visible electric, or mechanical signal device gives warning of the immediate approach of a railroad train; 2. A crossing gate is lowered or when a human flagman gives or continues to give a signal of the approach or the passage of a railroad train; 3. A Railroad train approaching within approximately one thousand five hundred feet of a highway crossing emits a signal audible from such distance and such railroad train, by reason of its speed or nearness to such crossing, is an immediate hazard; 4. When approaching railroad train is plainly visible and is in hazardous proximity to such crossing."